## RUBINSTEIN v. TURK, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16970. Decided June 12, 1939

Ben P. Raab, Cleveland, for plaintiff-appellee.

Harry F. Glick, Cleveland, for defendant-appellants.

### OPINION

By MORGAN, J.

The Havers acquired title to sublot No. 148 on' East 93rd Street, Cleveland, Ohio, in April, 1909. One Holman acquired title to sublot No. 149, lying immediately to the north. in June, 1909. Both sublots were improved with dwellings. Shortly afterwards, the owners of the two lots agreed to construct a driveway for their joint use, substantially one-half of which was to be on each lot. The agreement was not in writing. Pursuant to the agreement, the drive-way was constructed and the owners of each lot paid one-half of the cost of construction.

The plaintiff is the owner of sublot No. 148 having acquired title in December, 1921. The defendants are the owners of sublot No. 149, having acquired title in July, 1929. Thereafter, but after more than twenty-one (21) years had elapsed since construction of the joint drive-way, the defendants began to erect a fence on the boundary line between the two lots, thus depriving the plaintiff of the use of the drive-way.

This action was brought to enjoin the construction of the fence, and any interference by the defendants with the use of the drive-way by the plaintiff.

The evidence discloses that the use of the drive-way by the plaintiff and his predecessors in title was actual, open, notorious and continuous for the full period of twenty-one (21) years after its construction in 1909. Defendants claim that such use was not adverse but permissive only at least until 1918 when sublot No. 148 was sold, and that therefore the plaintiff has no prescriptive right to the drive-way.

It is conceded that if the adverse use began in 1918, no prescriptive right has been acquired as the twenty-one (21) year period has not run since 1918.

It is the opinion of the majority of this Court that the question to be decided in this case was really involved in the decision in the case of **Kimball v Anderson, 125 Oh St 241.**

The facts in that case were these: Prior to 1908, one Smith owned adjoining lots Nos. 27 and 29 in Ashtabula, Ohio, fronting on the north side of Olive Street. He built a house on each lot and at the same time constructed a drive-way ten feet wide on the division line between the two lots. Smith sold lot No. 27 to one Bartlett, and by meane conveyances, title was acquired to lot No. 27 by the defendants. Smith continued to own lot No. 29 until 1918 when he sold it to the plaintiffs. Smith continued to use the drive-way in common with Bartlett and his successors in title until 1918, and thereafter Smith's successor's in title continued to use the drive-way until August, 1930, when the defendants erected posts along the center of the driveway.

The Supreme Court decreed that an injunction issue against the defendants.

If, in the above case. Bartlett had acquired title to lot No. 27 from some other person than Smith, the cause

would be on all fours even as to dates with the present case. The defendants in the above case, however, had another defense not available to the defendants in the instant case, namely, that Smith had conveyed lot No. 27 to the predecessors in title of the defendants with covenants of warranty and without any reservation of any right in the drive-way.

The greater part of the opinion of the Supreme Court is devoted to the question whether the warranty deed from Smith to Bartlett of lot No. 27, prevented Smith's subsequent use of the drive-way from being adverse. The Court answered this question in the negative, and held that the use of the driveway by Smith and his successors in title had been adverse for more than the full period of twenty-one years.

There is nothing in the above case to indicate that prior to August, 1930, Bartlett, or his successors in title had ever objected to the use of the drive-way by Smith and his successors in title so that the use of the drive-way was as truly permissive in that case as in the instant case.

In the case in 125 Oh St 241, the Court defines hostile use, which in the Court's mind was clearly synonymous with adverse use, as "possession and use under a claim of right." This sentence gives the key to the decision in the instant case.

When the Havers and Holman, the owners of lots Nos. 147 and 148, respectively, in this case, in 1909 constructed a joint drive-way by agreement between themselves, each owner thereafter claimed the right of an easement in the part of the drive-way on his neighbor's lot, in consideration of having given his neighbor a similar easement on his own lot. Thereafter, that is from and after 1909, the "possession and use" of each owner was under a "claim of right" and therefore adverse. This adverse possession continued for more than twenty-one years and therefore ripened into a prescriptive right.

Fortunately, we find that all of the cases in this country on this subject have been collected into a note to the case of Johnson v Whelan, 98 A. L. R. 1996. The same case is reported in 171 Okla. 243. Syllabus 1 of the case reads:

"While the mere permissive use of a way over the land of another will not ripen into an easement, yet one who joins his adjacent landowner in the construction of a paved private way over and along the medial line has given such adjacent owner more than a mere license. Each owner, by use of the drive-way, is continuously asserting an adverse right in the portion of the way on the other's lot. And from such use for fifteen years the law raises a presumption of the grant of an easement."

The precise question involved in this case was decided in the above Oklahoma case and is considered in the note at 98 A. L. R. 1100, where all the cases are collected. The note shows that while there are a few cases to the contrary, the overwhelming weight of authority in this country supports the proposition that the use of a joint drive-way constructed pursuant to an agreement between the parties, not in writing, is adverse and ripens into a prescriptive right in the statutory period.

In the note to the case of Lechman v Mills, 13 L. R. A. (N. S.) 991, is the following to the same effect:

"The authorities appear to be unanimous in suporting the rule that the parol conveyance of an easement, though void under the statute of frauds, will, if followed by user for the period of prescription, establish a prescriptive right to the easement. At least no decision can be found which in any manner questions this proposition."

In view of the facts above set forth, and of the decisions in Ohio and elsewhere, we have not referred to the cases in Ohio holding that mere permissive use does not ripen into a prescriptive right because we do not deem those cases on their facts to be relevant

or pertinent to the question involved in this case.

Decree for plaintiff. O. S. J., Exceptions.

LIEGHLEY, J, concurs.

TERRELL, PJ, dissents.

By TERRELL, PJ., (Dissenting)

This case arises substantially from the following set of facts.

Two neighbors by the name of Haver and Holman owning and occupying adjoining lots, entered into an oral agreement whereby each allowed five (5) feet on his lot toward a common driveway, ten (10) feet wide. This drive-way was improved by two cement strips and was used by both neighbors. This occurred in 1909 or 1910. By meane conveyances, the property of Haver was finally deeded to Rubinstein, the plaintiff herein, and the property of Holman was finally deeded to Turks, the defendants herein.

Plaintiff claims the right by prescription to use said driveway. Defendants have contested this right, and have erected in the center of said driveway on the common property line, a fence.

Plaintiff's prayer is that the defendants be enjoined from interfering with his use of the driveway. The question of law presented is—has the plaintiff gained the right to use this driveway by prescription?

It is agreed on both sides that this driveway in 1909 or 1910 was the result of an agreement between the adjacent owners, Haver and Holman. This agreement was verbal and nothing therein contained designated the length of time that the use for a driveway was to continue. Both parties apparently agree that a right by prescription can arise only by open, notorious, continuous and adverse possession for twenty-one years.

Plaintiff contends that immediately the drive-way was constructed and open for use of both parties that open, notorious and adverse possession started in his favor. Defendants contend

that in Ohio, when the use of land of another is initiated by agreement or permission that the possession thereof is not adverse and cannot ripen into a prescriptive right by the lapse of time. To sustain this contention the defendants cite the case of **Elster v Springfield, 49 Oh St 82**, wherein Judge Spear, on page 94, says:

"To thus acquire an easement the enjoyment of the privilege must have been under an adverse claim of right, since no length of enjoyment by permission can ripen into an easement."

There is also cited the case of **Pavey v Vance, 56 Oh St 162**, in which it is held that the fact of the use is open to explanation and may be shown to have been permissive.

In the case of **Penna. Railroad Company v Donovan, 111 Oh St 341**, the first syllabus reads:

"1. An easement by prescription may be acquired by open, notorious, continuous adverse use for a period of twenty-one years. Such use never ripens into a prescriptive right unless the use is adverse and not merely permissive."

It is also held in the case of **Lane v Kennedy, 13 Oh St 42, on page 46**, that permissive possession can never ripen into a title.

In the case of Kirk v Smith, 9 Wheatley 288, it is stated:

"It would shock the sense of right which must be felt equally by legislators and by judges, if a possession which was permissive and entirely consistent with the title f another should silently bar that title."

It is stated in **Dietrick v Noel, 42 Oh St 18, on page 21:**

"The very essence of an adverse possession is that the holder of it claims the right to his possession not under, but in opposition to the title to which his possession is alleged to be adverse. Nor is possession adverse when it is

held by agreement with the true owner.

After the agreement, the possession by Wallace was peaceable because of the agreement. From that time forth the adverse character of the possession ceased to be hostile and exclusive and its continuity was broken."

In the instant case, the possession of the drive-way and the use thereof by Holman and Haver, after their agreement, was peaceable because of the agreement, and from that time forth there was no adverse character of the possession between these two parties. From the foregoing authorities it would appear that the rule in Ohio at least is that where possession of land of another originates by permission that no such continued possession can ripen into a prescriptive right.

There is cited the case of **Kimbel v Anderson, 125 Oh St 241**, by the plaintiff to sustain his contention.

The facts in this case are somewhat similar to the case at bar. There was a joint drive-way upon the lots of adjacent lot owners. When Smith owned the adjoining lots and having erected a house on one, he sold the house but prior thereto had established a drive-way between the two lots, taking five (5) feet off each lot for the drive-way. In his deed there was no reservations as to the use of the driveway. Apparently there is no evidence of any agreement between the parties for the use of this drive-way and nothing was said in the deeds pertaining to its use and no right was granted in the deed for its use so it follows that the use of the drive-way thereafter was a trespass.

It is stated by the Supreme Court at page 245:

"Inasmuch as the conveyance was made without any reservation by Smith of the use of that portion of the drive-way on the conveyed lot any use of it which was made by Smith thereafter, inconsistent with his grant, became an adverse use and hostility therefore began by use immediately after the conveyance."

It is evident that this decision in Kimbel v Anderson is not authority for the principle as contended by plaintiff that possession and use of land under an agreement or permission may ripen into a prescriptive right.

The majority have come to a different conclusion and have cited many cases outside of Ohio. These cases apparently hold that possession and use under an oral agreement may ripen into a prescriptive right but it does not appear to me that Ohio has adopted that rule.

PER CURIAM:

Decree for plaintiff restraining defendants from any and all interference with the use, maintenance and the right to make all reasonable and necessary repairs of the drive-way between sublots numbers 148 and 149 on East 93rd Street, described in the petition.

This decision is grounded upon the following authorities:

Kimball et v Anderson et, 125 Oh St 241.
Lechman v Mills, 13 Lawyers Reports Ann. (N. S.) 990, and note.
Jensen v Showalter, 79 Neb. 544.
Barnes v Haynes, 79 Mass. 188.
Clark v Henckel, 26 Atl. (Md.) 1039.
Townsend v Bissell, 4 Hun Rep. (N. Y.) 297.
Thompson v Easley, 87 Ga. 320.

LIEGHLEY, J., MORGAN, J, concur.

TERRELL, PJ, dissents.