CARLYN et al., Appellants,

v.

GARN, Appellee.

[Cite as *Carlyn v. Garn* (1995), 105 Ohio App.3d 704.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17063.

Decided Aug. 16, 1995.

*Briggs & Pry* and *Russell M. Pry,* for appellants.

*Jerry Montgomery,* for appellee.

———————

REECE, Judge.

Appellants, Patrick and Tamara Carlyn, appeal the decision of the trial court finding that they did not acquire a prescriptive easement on the land of appellee, Harvey Garn. We affirm in part and vacate in part.

I

Garn and the Carlyns are neighbors in the village of Lakemore, Ohio. Patrick Carlyn's grandparents, Bernard and Edna, had purchased their property in 1953. In that same year, Garn purchased his property, which was situated directly east of the Carlyns' land. After the deaths of Bernard and Edna, their son Don

inherited the property. Don later transferred the property to Patrick and his wife, Tamara. Separating the two parcels of land was an alley owned by the village of Lakemore. The alley was fifteen feet wide and extended along the rear boundaries of each lot. Garn and the Carlyns used the alley as a driveway.

In 1959, the village of Lakemore abandoned the alley and refrained from repairing it. The Carlyn family and Garn both kept up the alley, and they also continued to use the alley as a driveway. The Carlyns, however, were the primary users of the alley as a driveway because the Carlyns' garage was located at the end of the alley. The alley itself provided the only access way to the garage. Because of the garage's angled position, the Carlyns, as well as their previous family members, consistently drove over Garn's land to enter the garage. By driving over Garn's land, the Carlyns could easily enter their garage. The Carlyn family drove over Garn's land from 1959 to 1988, the year the garage was torn down.

In 1993, Garn began to erect a fence on his boundary line, preventing the Carlyns from driving over his land. The Carlyns sued Garn to establish a prescriptive easement over the portion of Garn's land that they used as an access way. The Carlyns alleged that their use of Garn's land was open, continuous for over twenty-one years, exclusive, adverse to Garn's interest, and notorious. Garn defended by asserting the defense of permissive use. Garn argued that he orally gave permission to Bernard and Edna to drive over his property and that his grant of permission served as the basis for the Carlyns' use of his land.

The parties tried the matter to a referee. The referee found that Garn gave his oral permission to use the land. Therefore, the referee recommended that the Carlyns should not receive a prescriptive easement. The trial court adopted the recommendation of the referee. In its order, the trial court also found that based on the stipulation of the parties, each party possessed seven and one-half feet of the fifteen-foot alley. Consequently, the trial court granted each party a possessory interest in seven and one-half feet of the alley. The Carlyns now appeal.

## II

The Carlyns raise three assignments of error. They argue that (1) the judgment of the trial court was not supported by competent, credible evidence; (2) the trial court applied the incorrect standard of law governing the mutual use of an alley; and (3) the trial court's division of the alley was not supported by the parties' stipulations.

## A

In their first assignment of error, the Carlyns contend that the judgment of the trial court denying their claim for a prescriptive easement was not supported by competent, credible evidence. They contend that the evidence did not support Garn's defense of permissive use. Specifically, the Carlyns argue that Garn was unable to prove that he permitted the Carlyns and their predecessors to drive over his land to enter into the garage.

A prescriptive easement occurs when a plaintiff can prove that he used the land of another (1) openly; (2) continuously; (3) adversely to the property right of the other; (4) notoriously; and (5) for at least twenty-one years. *Pence v. Darst* (1989), 62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551; *J.F. Gioia, Inc. v. Cardinal Am. Corp.* (1985), 23 Ohio App.3d 33, 36–37, 23 OBR 76, 79–80, 491 N.E.2d 325, 329–330. The plaintiff must prove each of these elements in order to establish the existence of the prescriptive easement. *Id.* at 37, 23 OBR at 80, 491 N.E.2d at 330. When a landowner confronts a plaintiff's claim for a prescriptive easement, the landowner may assert the defense of permissive use. This defense allows the landowner to rebut the plaintiff's allegation that the plaintiff's use of the land was adverse to a landowner's right to the property by showing that the landowner granted the plaintiff permission to use the land. If the landowner asserts the defense of permissive use, then the landowner has the burden of proving the existence of his or her permission. *Id.* at 39, 23 OBR at 82, 491 N.E.2d at 332.

In this assignment of error, the sole issue is whether Garn successfully demonstrated his defense of permissive use. In order for this court to affirm the trial court's finding that Garn successfully demonstrated the defense of permissive use, we must determine that the trial court's finding was based on competent, credible evidence going to the essential elements of his defense. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. We also note that evaluating evidence and assessing credibility are primarily for the trier of fact. *Ostendorf-Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47, 6 OBR 156, 157, 452 N.E.2d 1343, 1345.

In support of his defense of permissive use, Garn testified on his own behalf. Garn testified that he never gave written permission to drive over his land, but that he did orally grant permission to Bernard and Edna Carlyn to drive over part of his property. Furthermore, he testified that he told Bernard and Edna that they could drive over his land until the garage was torn down. Upon destruction of the garage, Garn stated that he informed them that they would have to build a new one having direct access to the street and not from the alley. Wallace Garn, Harvey's son, also testified on his father's behalf. On

cross-examination, he testified that he remembered that his father told Bernard and Edna that they could use part of his father's property.

The Carlyns, in order to show that they used Garn's property adverse to his interest in it, offered the testimony of several witnesses. Don Carlyn, Bernard and Edna's son, testified that he was not aware of any agreement between his parents and Garn. Charles Carr, the former mayor of the village of Lakemore, also testified that he did not know of any agreement between Garn and Bernard and Edna Carlyn. Patrick Carlyn also testified that both the Carlyns and Garn used the alley to enter and exit their land.

Reviewing the evidence, we determine that the trial court's finding that Garn successfully proved his defense of permissive use was supported by competent, credible evidence. Garn and his son both testified as to the oral grant of permissive use. The Carlyns attempted to show the absence of permission by introducing contrary testimony. On the state of this evidence, we cannot say that the trial erred in determining the existence of permissive use.

## B

In their second assignment of error, the Carlyns contend that the trial court applied the incorrect legal standard. They argue that the trial court should have applied the doctrine as enunciated in the cases of *Shanks v. Floom* (1955), 162 Ohio St. 479, 55 O.O. 385, 124 N.E.2d 416, and *Rubinstein v. Turk* (App.1939), 29 Ohio Law Abs. 653.

Both of those cases involved the parties' use of a common driveway which ran between their adjacent properties. In each case, the parties agreed to construct the driveway to benefit each other. Based on the parties' agreement to construct the driveways for their mutual benefit, the courts in *Shanks* and *Turk* held that the use of the driveways occurred under a claim of right adverse to the property interests of the other party. *Shanks*, 162 Ohio St. at 484, 55 O.O. at 387, 124 N.E.2d at 419; *Turk*, 29 Ohio Law Abs. at 654. In other words, each owner obtained an easement on that part of the driveway which encroached upon his neighbor's property.

The Carlyns' argument that *Shanks* and *Turk* should control is misplaced. The courts in those cases specifically determined that permissive use did not occur. Instead, based on the parties' agreements to share in construction and use of a common driveway, the courts held that each party maintained an easement against the right of the other. The trial court in this case, however, specifically found that Garn established his defense of permissive use. Because permissive use is a successful defense against a claim of prescriptive easement,

the trial court would not have to analyze the Carlyns' allegations under the framework established in *Shanks* and *Turk*.

## C

In their third assignment of error, the Carlyns argue that the trial court incorrectly divided the alley equally between the parties. The Carlyns argue that the division was contrary to the express stipulation of the parties.

In their stipulation, the parties stated that "[t]he fifteen foot (15') alley which previously existed between the CARLYN's [*sic*] property and GARN's property was located solely on the same plat as the CARLYN's property." Furthermore, the parties stated that "[i]n 1959, the Village of Lakemore vacated the alley * * * [t]he parties stipulate that since 1959 the full fifteen foot (15') vacated alley has been part of the CARLYN property as designated on the County records." In its decision, the trial court found that the parties "stipulated that the current Plaintiffs are in fact the fee simple owners of the 7½ foot portion of alleyway" and that "upon vacation of the alley in 1959 the Defendant also acquired a 7½ foot interest on the opposite side of the former public alley * * *."

In general, when a village vacates a public alley, the land which the alley was on passes in equal halves to the adjacent lot owners, subject to such rights as other owners may have as a means of access to their properties. *Tanner v. Shirkey* (1982), 5 Ohio App.3d 225, 225–226, 5 OBR 510, 511, 451 N.E.2d 255, 257, citing *Taylor v. Carpenter* (1976), 45 Ohio St.2d 137, 139, 74 O.O.2d 257, 258, 341 N.E.2d 843, 845. While this is the general rule, the parties have stipulated that a different result occur, namely, that the alley belongs on the Carlyns' property. The decision of the parties to modify their common-law rights was ignored by the trial court. Clearly, the parties' stipulation conflicts with the trial court's judgment. Accordingly, the trial court erred by dividing the alley equally between the Carlyns and Garn. Therefore, we vacate this portion of the trial court's judgment, and enter judgment in favor of the Carlyns granting them a possessory interest in the whole alley.

## III

Appellants' first and second assignments of error are overruled. Appellants' third assignment of error is sustained. The judgment of the trial court is affirmed in part and vacated in part. Judgment is rendered in favor of appellants with respect to our disposition of appellants' third assignment of error. App.R. 12(B).

*Judgment accordingly.*

SLABY and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.