This is an appeal from a summary judgment entered by the Lawrence County Common Pleas Court in favor of R. Arturo Roa and Ann Marie Roa, defendants below and appellees herein, on the claims brought against them by B.J. Vance and Jeanetta Vance, plaintiffs below and appellants herein. The following error is assigned for our review:
 "THE COURT BELOW ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEES, R. ARTURO ROA AND ANN MARIE ROA, AGAINST THE PLAINTIFF-APPELLANTS, B.J. VANCE AND JEANETTA VANCE, WHERE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO ALL ELEMENTS REQUIRED TO ESTABLISH AN EASEMENT BY PRESCRIPTION."
A brief summary of the facts pertinent to this appeal is as follows. The parties herein are contiguous property owners in Fayette and Perry Townships of Lawrence County, Ohio. A roadway generally known as "Old Township Road No. 93" runs north to south through both properties. Appellees acquired their land in 1996 and, the following year, erected a gate over that portion of the road which runs through their property.
Appellants commenced the action below on June 16, 1997, alleging that appellees "illegally" denied them access to their land. They asked that their neighbors be ordered to remove the gate and to pay them $25,000 in compensatory damages for loss of use and enjoyment of their property. Appellees filed an answer admitting that they had erected the gate, but asserted that the structure was on their property. They further denied that they had blocked appellants from entering their own land.
Appellees also filed a third party complaint against the Fayette Township Trustees alleging that the said Trustees had represented to them that the roadway in question was actually a "private drive" and the "remnants" of a road that used to run through that area years ago. Appellees stated that they built the gate on their property, over the roadway, in reliance on those representations. They asked that the trustees be required to indemnify them for any damages they were ultimately ordered to pay appellants. The trustees filed an answer denying liability on the third party claims and asserting a variety of affirmative defenses thereto.
Appellees filed a motion for summary judgment on March 18, 1999, arguing that no genuine issues of material fact existed and that they were entitled to judgment in their favor as a matter of law. Specifically, they submitted an affidavit by Isom Gibson who had previously served for thirty (30) years as an "Assistant Engineer of Lawrence County." Mr. Gibson attested that he had "searched and reviewed" the Lawrence County Records and that former Old Township Road No. 93 was vacated more than a century ago and relocated as new County Road No. 58. The records of his research were incorporated into his affidavit and included therewith as exhibits to the motion. Given that the roadway had been vacated and abandoned, appellees argued that they could not be held liable by their neighbors for blocking a "public road" which no longer existed.
Appellants submitted nothing in opposition to the motion but did file an amended complaint which asserted new claims for a prescriptive easement and an easement by necessity.[1] The trial court ruled on June 23, 1999 that there was no "public road" to block on these properties and that appellees were entitled to summary judgment on that particular claim. Moreover, having determined that there was no public roadway at issue here, the court concluded that no basis existed for the indemnification claim against the Township Trustees and, thus, dismissed the third party complaint against them. The Court then noted that "[c]ount [t]wo and [c]ount [t]hree of [appellants'] Amended Complaint" would go forward.
Appellees filed a second motion for summary judgment as to those counts on July 22, 1999. With respect to the claim of an easement by necessity, appellees again relied on an affidavit by Mr. Gibson who attested that he had reviewed the land records of Lawrence County and found that the properties in question had no prior "common ownership.[2] Appellees also cited to deposition testimony given by their neighbors wherein appellants appear to discuss alternate access to their property by means other than the old township roadway.[3] Thus, appellees concluded, there was no basis for the claim of an easement by necessity.
Appellees also argued that there was no basis for claiming a prescriptive easement. They cited deposition testimony by Mrs. Vance wherein she related that her father, and predecessor in title, had "worked it out" with the prior owner of appellees' land for use of the road over that property to get to their own land.[4] Appellees also submitted an affidavit from Alden Moore, their predecessor in title, who attested that he owned the property from 1972 to 1996 and was familiar with "the area of this real estate" for the last sixty (60) years. Mr. Moore stated that Old Township Road No. 93 had not been used as a public road for at least twenty-one (21) years. Thus, appellees concluded, there was no basis to claim a prescriptive easement over their property and they were entitled to judgment in their favor on that issue as a matter of law.
Appellants filed an opposing memorandum on August 5, 1999, arguing that genuine issues of material fact remained with respect to their claim of a prescriptive easement.[5] They cited their own (joint) affidavit wherein they both attested inter alia that they had never asked the aforementioned Alden Moore for permission to use the roadway and had never heard Mr. Moore "make any claim of ownership" therein. Further, neither affiant could recall Mrs. Vance's father (Mr. Schritter) asking for permission to use the roadway. They also relied on an affidavit by Oliver Clippard, Mr. Moore's predecessor in title, who stated that during the ten (10) years he owned the property he never felt he had "any rights regarding the use of the road" and never made any representations to Mr. Moore "regarding ownership" of the road. Appellants concluded that the motion for summary judgment should be denied because a genuine question exists as to whether their use of the roadway was permissive or was adverse and had ripened into a prescriptive easement.
The trial court filed an entry on August 6, 1999 granting appellees' motion for summary judgment. The trial court concluded that appellants "failed to show the core requirements of an easement by prescription." Specifically, the court found no evidence to clearly and convincingly establish that the use of the roadway had been adverse, open and continuous for at least twenty-one (21) years. Summary judgment was thus entered in favor of appellees and this appeal followed.
Appellants argue in their assignment of error that the trial court erred in entering summary judgment against them on their claim of a prescriptive easement. We disagree. Our analysis begins from the standpoint that an appeal from a summary judgment is reviewed by us de novo. See Broadnax v. Greene Credit Service
(1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167, 171; CoventryTwp. v. Ecker (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327,1329; Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,107, 614 N.E.2d 765, 768. That is to say that we afford no deference to the trial court's decision, see Hicks v. Leffler
(1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777, 779; Dillon v.Med. Ctr. Hosp. (1993), 98 Ohio App.3d 510, 514-515,648 N.E.2d 1375, 1378; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411
412, 599 N.E.2d 786, 788, and conduct our own independent review to determine if summary judgment was appropriate. Woods v. Dutta
(1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18, 21; Phillipsv. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279,1281; McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236,241, 659 N.E.2d 317, 320.
Summary judgment under Civ.R. 56 (C) is appropriate when the movants demonstrate that (1) there are no genuine issues of material fact, (2) they are entitled to judgment in their favor as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in their favor. Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, 204;Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385,667 N.E.2d 1197, 1199; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 47-48. It is the party moving for summary judgment who bears the initial burden of showing that there exists no genuine issue of material fact and that they are entitled to judgment in their favor as a matter of law. Vahila v.Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798, 801. With these principles in mind, we turn our attention to the proceedings below.
In order to establish a prescriptive easement over property, one must prove that the use of that property is open, notorious, adverse to the owner's rights, continuous and for a period of at least twenty-one (21) years. Carlyn v. Garn (1995), 105 Ohio App.3d 704,707, 664 N.E.2d 1325, 1327; Div. of Wildlife v. Freed
(1995), 101 Ohio App.3d 709, 712, 656 N.E.2d 694, 696; Pence v.Darst (1989), 62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551. These elements must also be proven by clear and convincing evidence.See Coleman v. Penndel Co. (1997), 123 Ohio App.3d 125, 130,70 N.E.2d 821, 824; J.F. Gioia, Inc. v. Cardinal Am. Corp. (1985),23 Ohio App.3d 33, 37, 491 N.E.2d 325, 330. Being the owners of the would-be "servient estate," appellees needed only to show that their neighbors could not prove one of these elements in order to defeat the claim for a prescriptive easement.
Appellees' motion for summary judgment relied, in part, on the appellants' deposition testimony. Mr. and Mrs. Vance both testified that they had no evidence to establish that their use of the roadway had been "adverse" to the rights of the owners of the would-be servient estate. They also testified that Mr. Moore, their neighbors' predecessor in title, had at one time erected his own fence over the road to control traffic, but then gave keys to several of the surrounding property owners including appellants. Clearly, Mr. Moore would not erect a gate over a roadway which was viewed by community as a public thoroughfare. More importantly, however, his giving a key to selected neighbors indicates that their use of the roadway was permissive rather than adverse.
Although this was sufficient to carry appellees' initial burden under Civ.R. 56 (C), we would also point out Mrs. Vance's testimony that the roadway was only used by members of her family "maybe every other week, or . . . something like that." This sporadic use was corroborated by Mr. Vance who guessed that the road was used "once a month or so." The general rule, of course, is that the infrequent or occasional use of a thoroughfare over property is inadequate to demonstrate "continuous" use for purposes of establishing a prescriptive easement. Scrivner v.Lore (Apr. 22, 1999), Scioto App. No. 98CA2568, unreported; also see 4 Powell on Real Property (1994), 34-134, § 34.10; 3 American Jurisprudence 2d (1986) 178, Adverse Possession, § 83. Appellants could not definitively state how often they used the road but it would appear from their testimony that it was very infrequent at best. In any event, we believe this evidence was sufficient for appellees to meet their initial burden to show that there was no prescriptive easement over the property.
The burden then shifted to appellants to provide evidentiary materials in rebuttal. See Trout v. Parker (1991), 72 Ohio App.3d 720,723, 595 N.E.2d 1015, 1017; Campco Distributors, Inc. v.Fries (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661, 662 663;Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272, 275,461 N.E.2d 1331, 1335-1336. To that end, appellants submitted their own (joint) affidavit wherein they both attested that they had never heard Mr. Moore make any claim of ownership in the road nor had they asked for his permission to use the roadway. This affidavit, however, did not address the issue of whether their use of the road was actually "adverse" (as opposed to a mistaken belief that they were using a public thoroughfare) or whether it was "continuous" (as opposed to merely sporadic use)
Appellants also relied on the affidavit of Mr. Clippard, Mr. Moore's predecessor in title, who attested that "[d]uring his period of ownership, Harold Schritter (Mrs. Vance's father) and other members of his family (presumably appellants) made regular use of the road along with others unknown to [him]." The problem with Mr. Clippard's affidavit, however, is that he only owned the property for "approximately ten (10) years." The land was then sold to Mr. Moore in 1972 and he owned it for more than two (2) decades after that. Even if appellants and the general public made use of the road, as asserted by Mr. Clippard, the evidence before us indicates that such use ended when Mr. Moore bought the property. Mr. and Mrs. Vance both testified in their affidavit that they continued to use the roadway without permission until appellees bought the land, but the record in this case clearly shows that they were under the mistaken belief that this was a public road thereby negating any suggestion that their use was "adverse." Moreover, as mentioned previously, appellants both admitted at their depositions that they had no evidence to show adverse use. They also made clear that, whatever their use of the road, it was infrequent at best.
For all these reasons, we find that appellants failed to meet their burden of rebuttal on summary judgment and show that there was any genuine issue of material fact with respect to a prescriptive easement over appellees' property. The trial court correctly found in favor of appellees and granted their motion under Civ.R. 56 (C).
Accordingly, we hereby overrule appellants' assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
______________________ Peter B. Abele, Judge
[1] It is unclear whether appellants ever sought, or were granted, leave of court to file their amended complaint as required by Civ.R. 15 (A). There is no written motion to that effect in the record and appellees moved to dismiss the pleading on the basis that no leave had ever been granted. However, in the transcript of a hearing held August 5, 1999, appellees make mention that leave was granted. In any event, because the issue has not been raised on appeal, we will ignore it in our analysis of these proceedings.
[2] Common ownership of both the dominant and servient estate is necessary to establish an easement by necessity. See 4 Powell on Real Property (1994) 383, § 34.07; 36 Ohio Jurisprudence 3d (1982) 448-449, Easements and Licenses in Real Property, § 48; 1 McDermott's, Ohio Real Property (1988) 383, § 10-12.
[3] Easements by necessity require a showing of "strict necessity," Neeley v. Green (1991), 73 Ohio App.3d 167, 172,596 N.E.2d 1052, 1055; Munchmeyer v. Butterfield (Mar. 26, 1996), Washington App. No. 95CA7, unreported, and will not be implied where an alternate route exists. Tratter v. Rausch (1950),154 Ohio St. 286, 95 N.E.2d 685, at paragraph eight of the syllabus.
[4] Appellants acquired the property from Mrs. Vance's father, Harold Schritter, in 1995. Mr. Schritter had owned the property since 1957.
[5] Their memorandum never addressed the issue of an easement by necessity and, at an oral hearing on appellees' motion, they expressly conceded the issue stating that they did not object to granting summary judgment against them on that claim.