DECISION AND JUDGMENT ENTRY
{¶ 1} James and Darlene Martin appeal the Washington County Court of Common Pleas' decision finding that David and Dorothy Schaad own a half acre tract ("disputed area") located to the east of the Martins' private driveway ("driveway"). The Martins contend that the record does not contain evidence supporting the trial court's conclusion that the lots on either side of State Route 676 have been under common ownership since the 1800s, and therefore contend that the Schaads do not own the disputed area. Because we find that the record contains evidence of common ownership in the two parcels since 1879, we disagree. The Martins also assert that the trial court erred in finding that some competent, credible evidence would support the Schaads' claim over the disputed area by adverse possession. Because we find that the trial court correctly determined that the Schaads are the title owners of the property, the Martins' arguments regarding adverse possession are moot, and we decline to address them.
 {¶ 2} The Martins next assert that the trial court erred in attaching to its journal entry a survey that was not admitted into evidence. However, the survey in question was prepared after the trial court issued its order defining the boundary as the eastern boundary of the driveway, and the survey merely serves as a legal description of the boundary for recording purposes. If the Martins wish to assert that the trial court made a factual mistake when it used the legal description contained in the survey to describe the eastern boundary of the driveway, they may file a motion for relief from judgment pursuant to Civ.R. 60(B)(1). However, at this time, the Martins have not brought the alleged mistake to the attention of the trial court, and therefore they have waived the error in this court.
 {¶ 3} The Schaads cross-appeal, asserting that the trial court erred in determining that the Martins possess exclusive ownership of the driveway. The Schaads contend that, if this court agrees with the trial court that the Martins own the driveway, then trial court erred in ruling that they did not acquire a prescriptive easement across the driveway. Because the record contains some competent credible evidence supporting the Martins' claim that they gave the Schaads permission to use the driveway, the record supports the trial court's finding that the Martins rebutted the Schaads' assertion that their use of the driveway was adverse to the Martins' interests.
 {¶ 4} The Schaads also assert that the trial court erred in finding that the Martins own a portion of the driveway by virtue of adverse possession. However, the trial court found that the Martins' deed gives them title to the driveway, and that the Martins acquired a portion of the driveway by adverse possession only to the extent that the driveway "may extend" into the disputed area. Because the trial court, in construing the Martin and Schaad deeds, found that the Schaads are the owners by deed only up to the edge of the Martins' driveway, the Martins' driveway actually does not extend onto the Schaads' land Therefore, the trial court's finding regarding the Martins' potential adverse possession claim over the driveway, like its finding regarding the Schaads' potential adverse possession claim over the disputed area, is merely dicta. Accordingly, any error in the trial court's finding is moot based upon our resolution of the Martins' first assignment of error, in which we determined that the trial court properly established the property line at the eastern edge of the Martins' driveway.
 {¶ 5} Accordingly, we overrule the assignments of error of both parties, and we affirm the judgment of the trial court.
 I. {¶ 6} The Martins and the Schaads have been neighbors in excess of 21 years. Both claim ownership of the disputed area, a narrow strip of land located in Lot 820 in Washington County. The strip of land that forms the disputed area has a straight line for its northern boundary (where Lot 820 and Lot 824 meet) and an arc that dips south (where State Route 676 curves south then north) for its southern boundary. The disputed area is 547 feet long, and its width varies between approximately ten feet at its narrowest point and forty feet at the widest and southernmost point in the arc. The disputed area is of marginal utility.
 {¶ 7} The Schaads own both the tract north of the disputed area in Lot 824, and the tract south of S.R. 676 in Lot 820. Thus, the Schaads' tracts are separated only by the width of the disputed area and by S.R. 676. The Martins own the tract west of the disputed area in Lot 820. The driveway that the Martins use to access their home, and that the Schaads use to access their fields, lies on the eastern edge of the property that undisputedly belongs to the Martins. The parties contest whether the entire driveway is on the Martins property or a portion of the driveway extends into the disputed area.
 {¶ 8} Evidence admitted at trial indicates that in 1875, Henry Bohl owned Lot 824, which the Schaads now own. Horace Waterman owned Lot 820, which contains land now owned by the Martins on the western end, land now owned by the Schaads on the eastern end, and the disputed area along the northeastern border. In 1879, Horace Waterman transferred the eastern end of Lot 820 to Henry Bohl. As a result, Henry Bohl owned a large tract of land north of the road (now S.R. 676), and a large tract directly south of his first tract, south of the road. The parties did not introduce evidence of subsequent transfers in title until the 1972 transfer of the two tracts from Donald and Dorothy Porter to the Schaads.
 {¶ 9} Neither the Schaad deeds nor the Martin deed specifically describes the disputed area. The Martin deed describes their land as the land northwest of the road, but due to the curve in S.R. 676, the arc-shaped disputed area lies both northeast and northwest of the road. Additionally, the path of the road has moved south over the years, but the deeds do not reflect the repositioning of the roadway. Surveyors identified the northeast cornerstone of the Martins' property. From that marker the length of the Martins' property, as described in their deed, reaches the approximate west end of the disputed area.
 {¶ 10} The Schaads' deeds describe land on both sides of S.R. 676. Testimony at trial indicates that the Schaads' have farmed up to the fence line, which follows the curve in S.R. 676, since they purchased the property in 1972. In addition, Earl Arnold testified that he farmed the current Schaad property from 1954 through the 1970s, and he also farmed out to the fence line adjacent to the road. Thus, the testimony at trial indicates that the Schaads and their predecessors treated the disputed area as their own.
 {¶ 11} The Schaads and their predecessors used the driveway to access their fields located within and north of the disputed area. At some point in the 1970s or 1980s, the Martins erected a gate across the driveway. The parties do not dispute that they discussed the gate around the time that the Martins erected it; however, the Martins contend that they gave the Schaads permission to open the gate and use the driveway, while the Schaads contend that they gave the Martins permission to erect the gate. The Martins installed a gate wide enough to accommodate the Schaads' farm equipment, which Mr. Martin describes as a "neighborly accommodation."
 {¶ 12} The trial court issued an opinion on June 12, 2002. In its opinion the court found that the deeds are ambiguous. The court therefore examined the deeds and the historical usage of the land in order to ascertain the original parties' intent. The court noted that the land surrounding the disputed area has been under common ownership since the 1800s, and concluded that the original grantors of the property intended for the disputed area to belong to the common owner of the surrounding land Thus, the trial court determined that the disputed area belongs to the Schaads by deed. The trial court also found that the Martins are the owners by deed of the driveway. Further, the court ruled that the Schaads do not have an easement across the Martins' driveway, and thus that the Martins may legally refuse the Schaads' requests to use the driveway for access to the fields. The court specifically found that the boundary between the Schaad and Martin properties is the eastern edge of the Martins' existing driveway.
 {¶ 13} The entry in the record immediately following the court's opinion is an order authorizing the Schaads' counsel's request to participate in a September 6, 2002 hearing by telephone. No transcript of this "hearing" is contained in the record. The next item in the record is the trial court's journal entry. The court stated in its entry that "[t]he attached drawing and legal description accurately depict the property line between the Schaad property and the Martin property in accordance with the findings of this Court." A legal description dated September 17, 2002, prepared by the Schaads' surveyor, is attached to the trial court's entry. No drawing is attached to the entry.
 {¶ 14} The Martins appeal, asserting the following assignments of error: "1. The trial court erred in awarding [the Schaads] all of the disputed area except [the Martins] private driveway. 2. The trial court erred in using a survey not in evidence at trial to establish the west boundary of the disputed area awarded to [the Schaads]." The Schaads cross-appeal, asserting the following assignment of error: "The trial court erred in awarding exclusive access onto and across the driveway area to the [Martins]."
 II. {¶ 15} In their first assignment of error, the Martins assert that the trial court erred in awarding the disputed area to the Schaads, because the evidence admitted at trial does not establish that the Schaads have title to the property by deed or by adverse possession. Essentially, the Martins assert that the trial court's determination is against the manifest weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610, 614; SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 16} At trial, the Martins presented the testimony of a surveyor who opined that the disputed area is contained within the description in their deed. However, the trial court found the surveyor's testimony did not make logical sense and therefore was not credible. Specifically, the court noted that the length of the Martins' property, as described in their deed, is approximately the length from the western marker on their property to the eastern edge of their driveway. The length of their property is nowhere near the length of their property plus the length of the disputed area. Therefore, the court ruled that the Martins' title clearly does not describe the disputed area.
 {¶ 17} The Schaads presented the testimony of a surveyor who opined that the Martin and Schaad deeds do not clearly define who owns the disputed area. The court found the Schaads' surveyor credible, and found that both the Martin and Schaad deeds are unclear. The trial court then looked to historical usage of the land to ascertain whether it indicated the intentions of the parties' predecessors in title. The trial court examined factors such as the historical fence and cultivation lines within the disputed area. Additionally, the trial court considered the historical common ownership of the property on either side of the disputed strip of land, and found that the common owner likely owned the disputed area. Specifically, the trial court noted, "[t]he Schaads, and all of their predecessors in title since the 1800's, have owned property in both Lots 820 and 824 bounded by State Route 676 and separated only by the disputed strip of land and State Route 676." Based on these historical factors, the trial court found that the disputed area is included in the Schaad deeds.
 {¶ 18} The Martins challenge the trial court's finding that the Schaads own the disputed area by deed only on the grounds that the record does not contain any evidence supporting the trial court's underlying finding of common ownership in the tracts surrounding the disputed area. The Martins attached a copy of an atlas page from 1875, which the Schaads' introduced as exhibit BB at trial. The atlas page reflects that in the year 1875, Henry Bohl owned Lot 824, while Horace Waterman owned Lot 820. The Martins contend that this proves the tracts surrounding the disputed area were not under common ownership in the 1800s. The Martins concede that the Schaads purchased their tracts from a common owner, but note that the Schaads did not even attempt to point to any evidence of common ownership in the 1800s in their briefs to this court.
 {¶ 19} The Martins are correct that a common owner did not own the tracts of land in question in 1875, and correct in their assertion that the Schaads failed to direct this court to any evidence of common ownership in the 1800s. However, our examination of the record reveals that it does contain evidence of common ownership in the 1800s. Specifically, the Schaads' exhibit CC, introduced at trial just moments after exhibit BB, reflects that Horace Waterman transferred the western portion of Lot 820, which the Schaads own today, to Henry Bohl in 1879. Thus, the record contains evidence that in 1879, Henry Bohl became the owner of the two tracts that surround the disputed area. This constitutes evidence supporting the trial court's finding of common ownership beginning in the 1800s. The Schaads also introduced evidence at trial that they purchased the two tracts together from a common owner. The Martins did not introduce any evidence that the ownership of these two tracts was divided between 1879 and the present.
 {¶ 20} The Martins' only challenge to the trial court's finding that the Schaads own the disputed area by deed is their assertion that the record does not contain evidence of common ownership dating to the 1800s. Because we find that the record contains some competent, credible evidence of common ownership beginning in 1879, we find that the trial court's finding is not against the manifest weight of the evidence. Thus, we find no error in the trial court's determination that the Schaads are the owners of the disputed area by deed.
 {¶ 21} In the remainder of their arguments supporting their first assignment of error, the Martins argue that the trial court erred in finding that the Schaads are the owners of the disputed area by adverse possession. After concluding that the Schaads are the owners of the disputed area by deed, the trial court noted that even if the Martins were the owners of the property by deed, the Schaads presented ample evidence of ownership of the property by adverse possession. We agree with the trial court's initial finding that the Schaads are the owners of the disputed area by deed. Therefore, we need not resolve whether, in the event that the Martins were owners of the disputed area, the Schaads could have established a claim over the property by adverse possession. The issue is moot, and we decline to address it. App.R. 12(A)(1)(c).
 {¶ 22} Accordingly, we overrule the Martins' first assignment of error.
 III. {¶ 23} In their second assignment of error, the Martins assert that the trial court erred in using a survey not in evidence at trial to establish the western boundary of the disputed area. The Martins are correct that the survey attached to the trial court's decision was not admitted into evidence at trial. However, the survey did not establish the western boundary of the disputed area; the trial court established the boundary. After determining that the Schaads are the owners by deed of the disputed area, the trial court addressed the issue of where the Schaad property ends and the Martin property begins. The trial court found that the western boundary of the Schaads' land is the eastern edge of the Martins' driveway.
 {¶ 24} The trial court entered this finding on June 12, 2002. The date on the survey attached to the trial court's entry is September 17, 2002. Thus, the survey was prepared after the trial and after the trial court issued its decision. The Martins do not contest this fact.
 {¶ 25} In its journal entry, the trial court stated that the survey accurately depicts the property line "in accordance with the findings of this Court." The Martins contend that the survey attached to the court's journal entry encompasses a small part of their real estate for which title is not questioned. However, the Martins never brought this alleged mistake to the trial court's attention.
 {¶ 26} Civ.R. 60(B) provides that, upon a motion, the trial court may relieve a party from a final judgment for the reason that the judgment contains a mistake. This rule may be used to correct an erroneous judgment that resulted from a mistake by the parties (In re Whitman, 81 Ohio St.3d 239, 1998-Ohio-466), or from a mistake by the court (Deckard v. Deckard (Jun. 24, 1999), Columbiana App. No. 98CO59; see also Thrasher v.Thrasher (Jun. 15, 2001), Portage App. No. 99P0103.) "It is eminently logical that an incorrect legal description of real property, * * * adopted by a court in its final judgment, be characterized as a `mistake' for purposes of Civ.R. 60(B)."Jennings v. Wagner (May 22, 1990), Portsmouth App. No. 1831. Therefore, assuming the Martins' contentions are correct that the boundary line contained in the survey that the court adopted does not follow the eastern edge of their driveway, then such an error is a "mistake" within the meaning of Civ.R. 60(B)(1). Accordingly, any relief to be afforded to the Martins must be sought under Civ.R. 60(B)(1). Because the Martins did not raise this alleged error in the trial court, they have waived it. SeeVan Camp v. Riley (1984), 16 Ohio App.3d 457, 463.
 {¶ 27} Accordingly, we overrule the Martins' second assignment of error.
 IV. {¶ 28} In their cross-appeal, the Schaads assert that the trial court erred in awarding exclusive access onto and across the driveway to the Martins. They divide their argument into two parts. First, the Schaads contend that the trial court erred in ruling that they failed to establish a prescriptive easement across the driveway for access to their fields. Next, the Schaads contend that the record does not support a finding that the Martins acquired a portion of the driveway by adverse possession.
 A. {¶ 29} First, the Schaads contend that the trial court erred in ruling that they failed to establish a prescriptive easement across the driveway for access to their fields. The trial court found that the Schaads did not establish a prescriptive easement because the Martins presented evidence that the Schaads used the driveway only with the Martins' permission.
 {¶ 30} To prove entitlement to a prescriptive easement, a party must prove that its use of the property was open, adverse to the owners' rights, notorious, continuous and for a period of at least twenty-one (21) years. Carlyn v. Garn (1995),105 Ohio App.3d 704, 707; Div. of Wildlife v. Freed (1995),101 Ohio App.3d 709, 712. The party is required to show these elements by clear and convincing evidence. Perry v. Dearth (Jul. 26, 2000), Washington App. No. 99CA26, citing Coleman v. Penndel Co.
(1997), 123 Ohio App.3d 125, 130; J.F. Gioia, Inc. v. CardinalAm. Corp. (1985), 23 Ohio App.3d 33, 37. A landowner may rebut a plaintiff's allegation of adverse use by showing that the landowner granted the plaintiff permission to use the land "If the landowner asserts the defense of permissive use, then the landowner has the burden of proving the existence of his or her permission." Carlyn at 707. The landowner meets this burden if he presents competent, credible evidence that he granted permission. Carlyn at 708. We will not substitute our judgment for that of the trial court's in weighing the evidence where some competent and credible evidence supports the trial court's conclusions. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 31} In Carlyn, each party presented testimony, primarily from family members interested in the outcome of the case, regarding whether the plaintiff's use of a driveway was adverse or permissive. The trial court resolved the conflict in the evidence in favor of the defendant's assertion of permissive use. The appellate court affirmed, finding that the record contained some competent, credible evidence to support the trial court's conclusion that the use was permissive.
 {¶ 32} As in the Carlyn case, in this case each party presented testimony supporting their position. Mr. Schaad testified that he never asked permission to use the driveway, and that the driveway was used by him and his predecessors in interest for years. Mr. Schaad further testified that when the Martins wanted to install the gate across the driveway, they came to him to ask for permission to install the gate. In contrast, Mr. Martin testified that he installed the gate without receiving permission from the Schaads, and that he gave them permission to enter through his gate on the condition that they keep it closed when not in use. Mr. Martin testified that he installed a gate wide enough for the Schaads' farm equipment to fit through as a "neighborly accommodation."
 {¶ 33} The trial court found that the Schaads did not meet their burden of proving by clear and convincing evidence that their use of the driveway was adverse to the Martins' ownership, and that the Martins presented some competent credible evidence that they granted the Schaads' permission to use the driveway. Upon review of the entire transcript, we find that the record contains some competent, credible evidence to support the trial court's factual findings, and therefore, we will not disturb them.
 B. {¶ 34} Next, the Schaads contest the trial court's finding that the Martins acquired quiet title to that portion of their driveway that extends into the disputed area. Specifically, the Schaads contend that the record does not support a finding that the Martins' use of that portion of the driveway was "exclusive" over a period of twenty-one years.
 {¶ 35} In its opinion and journal entry, the trial court found that the Martins acquired the driveway by adverse possession only to the extent that the driveway "may extend" into the disputed area. Because the trial court, in construing the Martin and Schaad deeds, found that the Schaads are the owners by deed of the property up to the edge of the Martins' driveway, the Martins' driveway actually does not extend into the disputed area. Therefore, the trial court's finding regarding the Martins' potential adverse possession claim over the driveway, like its finding regarding the Schaads' potential adverse possession claim over the disputed area, is merely surplusage. Accordingly, any error in the trial court's finding is moot based upon our resolution of the Martins' first assignment of error, in which we determined that the trial court properly established the property line at the eastern edge of the Martin's driveway. Because the Schaads' argument is moot, we decline to address it pursuant to App.R. 12(A)(1)(c).
 {¶ 36} Accordingly, we overrule the Schaads' first assignment of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Evans, P.J. and Harsha, J.: Concur in Judgment and Opinion.