MORRIS et al., Appellees and Cross–Appellants,

v.

ANDROS et al., Appellants and Cross–Appellees.

[Cite as *Morris v. Andros,* 158 Ohio App.3d 396, 2004-Ohio-4446.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 21861 and 21867.

Decided Aug. 25, 2004.

James Brown, for appellants and cross-appellees.

Thomas A. Skidmore, for appellees and cross-appellants.

---

WHITMORE, Judge.

{¶ 1} Defendants-appellants and cross-appellees Edward Andros and Jurate H. Balas have appealed from a judgment of the Summit County Court of Common Pleas that denied their claim of adverse possession. Plaintiff-appellees and cross-appellants James Morris and Kathryn Kraus have also appealed from a judgment of the same court that granted defendants' claim of a prescriptive easement. This court affirms in part and reverses in part.

I

{¶ 2} On August 10, 2001, plaintiffs James Morris and his wife Jurate Balas ("Morris") filed a declaratory judgment action against defendants Edward Andros and his wife Kathryn Kraus ("Andros") for ejectment, trespass, and nuisance abatement. Morris is the owner of approximately six acres of heavily wooded property on rugged terrain located at 6189 Riverview Road in Peninsula, Ohio. Andros is the owner of a home located at 1741 Main Street in Peninsula, Ohio. The back yard of the Main Street property and the southern edge of the Riverview property share a common boundary. This shared boundary is the subject of this litigation.

{¶ 3} Morris's complaint alleged that Andros had constructed a sewer and septic line that originated at the Main Street property, protruded through a hillside located on the Riverview property, and deposited septic waste into a ravine on the Riverview property.[1] Morris further alleged that he had never given Andros permission to install the septic discharge lines that extended onto his property and that the discharges from the septic discharge lines were unreasonably altering the existing pattern of drainage across Morris's property.

{¶ 4} Andros answered the complaint on November 19, 2001, denying all of the claims presented by Morris and asserting six counterclaims, only one of which is relevant to this appeal. The relevant counterclaim was that Andros had "satisfied the time necessary to acquire a prescriptive easement" by way of tacking and that as a result he had acquired title to the back one-half acre of the Riverview property located along the shared boundary of the Main Street Property. Morris denied all of Andros's counterclaims and asserted numerous affirmative defenses.

{¶ 5} On July 17, 2002, the trial court bifurcated the issues and scheduled a hearing "to introduce testimony and evidence for the Court to determine whether an easement by prescription existed." This sole issue was tried to the court in a two-day trial beginning February 5, 2003. Following trial, Andros filed a posthearing brief, wherein he presented arguments in support of his claim to a prescriptive easement for his septic discharge system and further asserted a claim of ownership by adverse possession to the disputed one-half acre of property. Morris filed a motion to strike Andros's brief, arguing, among other things, that Andros had not presented a counterclaim of adverse possession during the litigation, and therefore Andros was barred from raising such a claim in his posthearing brief.

---

1. It is clear from the evidence and testimony presented at trial that Andros had replaced an old septic system with an updated replacement septic system in 1999. All references to Andros's septic system relate to this replacement system unless otherwise indicated.

{¶ 6} On March 11, 2003, the trial court announced its decision. The trial court denied Morris's motion to strike Andros's posthearing brief and held that (1) Morris was the owner of the Riverview Road property as fully described in his deed, (2) Andros was entitled to a prescriptive easement for that portion of his septic system that resided and discharged on to the Riverview property, and (3) Andros was not entitled to take title, by way of adverse possession, to the disputed one-half acre of property owned by Morris.

{¶ 7} Morris timely appealed the trial court's March 11, 2003 decision. By journal entry dated May 20, 2003, this court dismissed the appeal as not being a final, appealable order. Our determination was based on Morris's failure to demonstrate that all claims had been resolved against all parties and on the absence of Civ.R. 54(B) language from the trial court's March 11, 2003 order.

{¶ 8} On November 12, 2003, both parties dismissed all other claims and counterclaims in the underlying matter. Morris's claim of ejectment and Andros's counterclaim for a prescriptive easement were the only claims that remained. Soon thereafter, on November 20, 2003, the trial court entered a nunc pro tunc order and added the language "This is a final appealable order and there is no just cause for delay" to its March 11, 2003 order.

{¶ 9} Andros has timely appealed the trial court's March 11, 2003 decision, asserting one assignment of error. Morris has timely cross-appealed the trial court's decision, asserting three cross-assignments of error. We have consolidated some of Morris's cross-assignments of error for ease of analysis.

## II

### Assignment of Error Number One

The trial court erred as a matter of law in finding that [Andros] failed to establish [his] claim for adverse possession for want of demonstration of the element of exclusive use, such finding being against the manifest weight of the evidence.

{¶ 10} In his sole assignment of error, Andros argues that the trial court erred when it found that he was not entitled to take title, by way of adverse possession, to the disputed one-half acre of land owned by Morris.[2] Specifically, Andros argues that the trial court erred when it found that he did not prove, by clear and

---

2. Because neither party has appealed the trial court's conclusion that Morris is the owner of the Riverview property as described in his deed, and that the description includes the disputed one-half acre of property, we refer to the disputed one-half acre of property as being owned by Morris.

convincing evidence, that his use of the disputed one-half acre of property was exclusive and subsequently denied his claim of adverse possession.

{¶ 11} An initial matter is whether the claim of title by adverse possession was properly raised. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." *Holman v. Grandview Hosp. & Med. Ctr.* (1987), 37 Ohio App.3d 151, 157, 524 N.E.2d 903, citing *Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47. Morris filed a motion to strike Andros's posthearing brief. In his motion, Morris argued that Andros did not assert a counterclaim of adverse possession at trial, and therefore the trial court lacked jurisdiction to address the issue of adverse possession.[3] In response to Andros's posthearing brief, the trial court held that based on paragraph 18 of Andros's counterclaim, Andros had in fact asserted a claim of adverse possession to the disputed one-half acre of property owned by Morris. Paragraph 18 of Andros's counterclaim states:

In the alternative to the foregoing averment, counterclaimants acquired title to their subject real property and tacked their period of possession to that of previous owners in the chain of title so as to satisfy the time necessary to acquire a prescriptive easement for the subject discharge line upon the land now owned by [Morris].

{¶ 12} Before addressing the trial court's decision, we find it necessary to outline the jurisprudence of adverse possession. To prevail on a claim of adverse possession, the moving party must demonstrate " 'exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years.' " *Bohaty v. Centerpointe Plaza Assoc. Ltd. Partnership* (Feb. 20, 2002), 9th Dist. No. 3143-M, 2002-Ohio-749, 2002 WL 242113, at 3, quoting *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus. A successful claim of adverse possession requires proof of each element by clear and convincing evidence. *Grace,* 81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus. Clear and convincing evidence is an intermediate degree of proof that produces in the mind of the trier of fact a solid conviction or belief as to the allegations sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118. The Ohio Supreme Court explained that claims of adverse possession should be disfavored because a successful claim results in a legal title holder forfeiting ownership to an adverse holder without compensation. *Grace,* 81 Ohio St.3d at 580, 692 N.E.2d 1009. Thus, the elements of adverse possession are stringent and the burden of proof rigorous. Id.

---

3. Morris presented this same argument to this court in his appellate brief.

■ {¶ 13} It is axiomatic that a claim of adverse possession, which is viewed with disfavor and requires a heavy burden of proof, may not be argued impliedly but instead must be argued with specificity and particularity. See *Grace*, 81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus. To hold otherwise would be to stand in bold contradiction to the long-established jurisprudence of adverse possession. This we are loath to do. Our review of paragraph 18 convinces us that Andros clearly did not present a claim to take title by adverse possession to the disputed one-half acre of property owned by Morris. Therefore, Andros has waived any claim of adverse possession. *Hypabyssal, Ltd. v. Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000, 2000 WL 1729471, at 5 (holding that failure to raise an issue at the trial court level constitutes waiver of the issue on appeal).

■ {¶ 14} Assuming, arguendo, that Andros did properly raise a claim to take title to the disputed one-half acre of property by adverse possession, we agree with the trial court's determination that Andros's claim fails, albeit for different reasons. In its March 11, 2003 decision, the trial court stated that Andros's claim of title by adverse possession failed because Andros failed to prove exclusivity as required by *Bohaty,* supra. Based on our review of the record, we find that Andros's claim of adverse possession fails because he did not prove, by clear and convincing evidence, that he satisfied the adverseness requirement for 21 years.

{¶ 15} Andros purchased the Main Street property from Robert Brunswick in 1999. Brunswick had owned the Main Street property since 1971. Brunswick took care of the disputed one-half acre of property while he owned the Main Street property. He also ran his aged septic discharge pipes across the disputed one-half acre of property and discharged the septic waste into the ravine located on the disputed one-half acre of property. However, according to his own testimony, Brunswick "wasn't trying to take [the disputed parcel of property]." He was merely trying to maintain it. Several months after Andros purchased the Main Street property and replaced the septic discharge pipes, Morris told Andros to remove the septic discharge pipes and stop discharging into the ravine on the disputed one-half acre of property owned by Morris.

{¶ 16} In *Grace,* the Ohio Supreme Court stated that to be adverse, the possession of real property must be with " 'an intention on the part of the person in possession to *claim title, so manifested by* his declarations or acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim.' (Emphasis sic.)" *Grace,* 81 Ohio St.3d at 581, 692 N.E.2d 1009, quoting *Lane v. Kennedy* (1861), 13 Ohio St. 42, 47, 1861 WL 90. Brunswick's sworn testimony clearly reveals that his possession did not satisfy the test for adverseness as defined by the Ohio Supreme Court in *Grace.* Therefore, Andros was the first owner of the Main Street property to attempt to adversely possess the disputed one-half acre of property. The record

is clear that Morris told Andros to leave Morris's land within several months of Andros's presence on the land. Consequently, Andros failed to satisfy the 21–year requirement of adverse possession. See *Bohaty*, supra, at 3; see, also, *Grace*, 81 Ohio St.3d 577, 692 N.E.2d 1009, syllabus. Therefore, Andros's sole assignment of error is without merit.

### Cross–Assignment of Error Number One

The lower court erred as a matter of law in finding that [Andros was] entitled to a prescriptive easement contrary to the longstanding case law stating that "one may not obtain by prescription or otherwise than by purchase, a right to cast sewage upon the lands of another without his consent."

{¶ 17} In his first cross-assignment of error, Morris argues that the trial court erred as a matter of law when it granted Andros a prescriptive easement for the purpose of allowing Andros to dump his septic discharge onto Morris's land. Specifically, Morris argues that the prescriptive easement is contrary to the Environmental Health Code of the Summit County General Health District, as well as case law from this court. We agree.

{¶ 18} Typically, when reviewing the decision of a trial court as to whether the requirements of a prescriptive easement have been met, a reviewing court will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence that speaks to all of the material elements of the case. *Willett v. Felger* (Mar. 29, 1999), 7th Dist. No. 96 CO 40, 1999 WL 182510, at * 7, citing *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533. However, a trial court's conclusions of law are afforded no deference and are reviewed de novo. See *Schiesswohl v. Schiesswohl*, 9th Dist. No. 21629, 2004-Ohio-1615, 2004 WL 626110, ¶ 36. Morris has challenged only the legal conclusions of the trial court. Therefore, this court's standard of review is de novo. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.

{¶ 19} In his first cross-assignment of error, Morris argues that the prescriptive easement granted to Andros operates in violation of the Health Code. Morris also argues that the prescriptive easement granted to Andros is contrary to the rule of law from this court stated in *Vian v. Sheffield Bldg. & Dev. Co.* (1948), 85 Ohio App. 191, 40 O.O. 144, 88 N.E.2d 410, paragraph one of the syllabus. In response, Andros argues that Morris's reliance on *Vian* is improper because *Vian* spoke to issues of nuisance and Morris's claim of nuisance was not before the trial court.

{¶ 20} Based on Andros's argument above, we feel compelled to clarify what issues were properly before the trial court. In its order dated July 17, 2002, the trial court bifurcated the issues to be tried. As previously stated, the order provided, in unambiguous terms, that trial would proceed on the issue of whether Andros had a right to a prescriptive easement for the placement of his septic discharge system on Morris's property. Morris and Andros fully argued and briefed to the trial court whether Andros had a prescriptive easement for the septic discharge system. Finally, on November 12, 2003, both parties dismissed all claims except Morris's claim of ejectment and Andros's claim to a prescriptive easement.[4] Based on the foregoing, we conclude that the issue of whether Andros was entitled to a prescriptive easement was properly before the trial court.

{¶ 21} We first turn to Morris's argument that the prescriptive easement granted to Andros is in violation of Section 816.02 of the Health Code, entitled Prohibited Discharges.[5] Section 816.02 states:

(a) No person shall discharge or permit or cause to be discharged treated or untreated sewage, the overflow drainage or contents of a sewage system, * * * impure or offensive waste onto surface of the ground * * * [or] adjoining property * * * except under such circumstances as prescribed by and with the written approval of the Health Commissioner.

{¶ 22} It is undisputed that Andros was cited by the Summit County Health Department for violating Section 816.02(a) of the Health Code. Bruce Baldinger, a sanitarian for the Summit County Health Department, testified that he issued a citation to Andros for violating Section 816.02(a) because Andros discharged septic waste beyond Andros's property line. The citation, which was properly admitted into evidence, states, "Discharge from home sewage disposal system crosses property line. Remove or secure a recorded easement for discharge * * *." Robert Hasenyager, a supervisor for the Summit County Health Department, also testified at trial and corroborated Baldinger's testimony.

{¶ 23} In light of the Health Code and the foregoing undisputed facts, it is clear that Andros's septic discharge system was in violation of the Health Code

---

4. In its March 11, 2003 order, the trial court held that Morris clearly established that he was the rightful owner of the Riverview property as described in the deed he held to that property. Therefore, Morris's claim of ejectment, namely whether or not Morris could oust Andros from the Riverview property, was answered when the trial court determined that Andros was entitled to a prescriptive easement that burdened Morris's property.

5. Andros was also cited under the nuisance provisions of the Health Code. However, because Morris dismissed his nuisance claim against Andros and thus that claim was not before the trial court, all of our discussion regarding the Health Code will refer to Andros's violation of the "Prohibited Discharges" section of the Health Code.

because there was no recorded easement for the discharge. It is also clear that the Health Commissioner had not given Andros written approval to discharge septic waste otherwise in violation of Section 816.02(a). Reading the Health Code and the citation in pari materia, it is evident that one method of coming into compliance with Section 816.02(a) of the Health Code is to secure an easement that meets the approval of the Health Commissioner. This is not to say that the Health Commissioner can *grant* an easement that permits discharge over the objection of the owner of the property. Rather, the Health Commissioner may only *approve* an existing express easement that allows discharge that would otherwise be in violation of Section 816.02(a). In any case, even if an easement to cast sewage onto the property of another were to be found by an express easement, such an easement must still have the written approval of the Health Commissioner.

{¶ 24} Having determined that there is no express easement in this matter, this court must turn to case law to determine whether the trial court erred as a matter of law when it found that Andros had a prescriptive easement to place his septic discharge system on Morris's Riverview property.

{¶ 25} In order to establish the right to a prescriptive easement, the moving party must establish that he has used the subject property (1) openly, (2) notoriously, (3) adversely to the servient property owner's property rights, (4) continuously, and (5) for a period of at least 21 years. *Bell v. Joecken* (Apr. 10, 2002), 9th Dist. No. 20705, 2002-Ohio-1644, 2002 WL 533399, at 6, citing *Pence v. Darst* (1989), 62 Ohio App.3d 32, 37, 574 N.E.2d 548. Each element must be proven by clear and convincing evidence. *Beaver v. Williams* (Feb. 21, 2001), 9th Dist. No. 20050, 2001 WL 169089, at 6, citing *Nusekabel v. Cincinnati Pub. School Employees Credit Union, Inc.* (1997), 125 Ohio App.3d 427, 708 N.E.2d 1015.

{¶ 26} Morris argues that Andros is barred from securing a prescriptive easement pursuant to *Vian*. In *Vian*, this court held that "one may not obtain by prescription, or otherwise than by purchase, a right to cast sewage upon the land of another without his consent." *Vian*, 85 Ohio App. at 199, 40 O.O. 144, 88 N.E.2d 410, at paragraph one of the syllabus; see, also, 1 Curry & Durham, Ohio Real Property Law and Practice (5th Ed.1996), Sections 7–8 (citing *Vian* for the rule of law that the "prescriptive right to discharge sewage into adjacent properties has been held to be unobtainable"). Our decision in *Vian* was later reaffirmed by this court in *Bey v. Wright Place, Inc.* (1956), 108 Ohio App. 10, 9 O.O.2d 90, 160 N.E.2d 378.

{¶ 27} Andros argues that *Vian* is distinguishable because, when announcing *Vian*, this court relied upon legal precedent that involved municipalities attempting to dump raw sewage into Ohio waterways. Andros also argues that because

his septic discharge system does not discharge into the creek on Morris's property, *Vian* does not apply. We find these arguments unconvincing. Neither party in *Vian* or *Bey* was a municipality. In addition, in *Vian*, we stated that effluent was "first discharged into an open ditch" and then, "through natural and artificial means, [found] its way onto plaintiff's *land*." (Emphasis added.) *Vian*, 85 Ohio App. at 199, 40 O.O. 144, 88 N.E.2d 410. It is clear that *Vian* dealt with discharge onto both land and waterways, not just waterways. *Vian* was not then and should not now be limited to disputes involving the discharge of sewage into waterways.

{¶ 28} Based on the foregoing, this court finds that the trial court's decision granting Andros a prescriptive easement to discharge his septic waste onto Morris's Riverview property was improperly granted. In fact, the trial court erred as a matter of law when it granted Andros a prescriptive easement to discharge his septic waste onto Morris's Riverview property, because such an easement is unobtainable as a matter of law. Morris's first cross-assignment of error has merit.

### Cross–Assignment of Error Number Two

The lower court erred as a matter of law in finding that underground pipes were open and notorious when Ohio law has long recognized that the use of pipes underneath the surface of the property does not constitute open and notorious possession.

### Cross–Assignment of Error Number Three

The lower court erred as a matter of law in finding that the septic system's pipes and their use was continuous and for twenty-one years.

{¶ 29} In his second cross-assignment of error, Morris argues that the trial court erred as a matter of law when it found that the underground pipes that carried Andros's septic discharge met the legal test for "open and notorious." In his third cross-assignment of error, Morris argues that the trial court erred as a matter of law when it found that the use of the septic system's pipes was continuous and for 21 years.

{¶ 30} In light of our disposition of Morris's first cross-assignment of error, we decline to address his second and third cross-assignments of error. See App.R. 12(A)(1)(c).

### III

{¶ 31} Andros's sole assignment of error is overruled. Morris's first cross-assignment of error is sustained. We decline to address Morris's second and

third cross-assignments of error. The judgment of the trial court denying Andros's claim of adverse possession is affirmed. The judgment of the trial court granting Andros a prescriptive easement is reversed and the cause is remanded for proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

CARR, P.J., concurs in judgment only.

SLABY, J., concurs.