DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellants Steven and Margaret Bridge have appealed the decision of the Lorain County Court of Common Pleas that granted Plaintiff-Appellees William and Roselyn Evanich title by way of adverse possession to a disputed parcel of land. This Court reverses.
 I {¶ 2} On October 17, 2002, Appellees filed a complaint to quiet title against Appellants. The dispute centered upon a five foot strip of land situated on the common border of property owned by Appellees and Appellants. Appellants responded to the motion and discovery ensued between the parties. A bench trial was held on July 27, 2004. On September 14, 2004, the trial court announced its decision wherein it granted Appellees title by way of adverse possession to the disputed parcel of land.
 {¶ 3} Appellants have timely appealed the trial court's September 14, 2004 decision, asserting three assignments of error.
 II Assignment of Error Number One
"The trial court erred as a matter of law by its failure to apply the proper legal standard in its determination to quiet title [to appellees] pursuant to the doctrine of adverse possession."
 {¶ 4} In their first assignment of error, Appellants have argued that the trial court erred as a matter of law when it failed to apply the proper standard of review to the facts and evidence presented at trial. Specifically, Appellants have argued that the trial court applied the preponderance of evidence standard of review rather the clear and convincing standard of review to the facts and evidence presented at trial. We agree.
 {¶ 5} In the instant matter, Appellants have challenged the legal conclusion of the trial court, namely that Appellees were entitled to title by way of adverse possession. It is well established that a trial court's legal decisions are reviewed de novo. Morris v. Andros,158 Ohio App.3d 396, 2004-Ohio-4446, at ¶ 18. Pursuant to the de novo standard of review, this Court will provide no deference to the trial court's legal determinations. Id., citing Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 6} The Supreme Court of Ohio has held that in order to take title to real property by way of adverse possession, the party seeking title by way of adverse possession must prove each element of adverse possession by clear and convincing evidence. Grace v. Koch, 81 Ohio St.3d 577, syllabus. Clear and convincing evidence is evidence which creates, in the mind of the finder of fact, "a solid conviction or belief as to the allegations sought to be established." Morris, at ¶ 12, citing Cross v.Ledford (1954), 161 Ohio St. 469.
 {¶ 7} In the instant matter, Appellants have argued that the trial court erred as a matter of law when it failed to require that Appellees prove each element of adverse possession by clear and convincing evidence. In response, Appellees have argued that the trial court might have inadvertently stated the incorrect standard of review when it decided the instant matter and, as a result, suggested that this Court remand the matter so that the trial court can correct its error.
 {¶ 8} In its judgment entry granting title by way of adverse possession to Appellees, the trial court stated the following:
"[Appellees] burden is to prove their case by clear and convincing evidence.
"* * *
"This [c]ourt finds that [Appellees] have proved their case by a preponderance of evidence. Judgment is entered in favor of [Appellees]."
 {¶ 9} It is clear that the trial court cited the correct evidentiary burden in the body of its judgment entry, and cited the incorrect evidentiary burden in the conclusion of its judgment entry. As a result, it is not clear what evidentiary burden the trial court applied to the facts and evidence presented at trial and upon which it based its final decision. This Court can make no assumptions on such matters. We remand the instant matter back to the trial court for the trial court to apply the clear and convincing evidentiary burden to the facts and evidence presented at trial.
 {¶ 10} Appellants' first assignment of error has merit.
 Assignment of Error Number Two
"The judgment of the trial court * * * quieting title [to] appellees was against the manifest weight of the evidence."
 {¶ 11} In their second assignment of error, Appellants have argued that the trial court's decision quieting title to Appellees was against the manifest weight of the evidence. Specifically, Appellants have argued that testimony presented at trial as well as deposition testimony by Appellees support their arguments that adverse possession is unwarranted in the instant matter. Given our disposition of Appellants' first assignment of error, we decline to address the merits of their second assignment of error. See App.R. 12(A)(1)(c).[1]
 Assignment of Error Number Three
"[Appellees] failed to present competent proof from which it could be determined with specificity the dimensions of the areas encroached, and as a consequence the trial court erred as a matter of law in quieting title to the appellees."
 {¶ 12} In their third assignment of error, Appellants have argued that Appellees failed to adequately describe the parcel of real property in dispute and thus adverse possession was improper. Specifically, Appellants have argued that Appellees failed to present any testimony concerning the depth and breadth of their encroachment on to Appellants' property. We agree.
 {¶ 13} In its judgment entry granting adverse possession to Appellees, the trial court described the property as follows:
"(5) [Appellees] have brought this action to [quiet] title to a triangular strip of land running between their common side lot lines which extend five feet into [Appellants'] property at the base, which is bordered by the split rail fence, and the apex of which is at the adjoining rear lot line."
 {¶ 14} Appellants have argued that this description is inadequate. In response, Appellees have argued that Appellants stipulated to the area of encroachment as evidence by joint exhibit "C", a survey map of the property that was admitted into evidence at trial.
 {¶ 15} Our review of the record reveals that joint exhibit "C" was not transmitted to this Court for review even though Appellants' praecipe requested "all exhibits admitted into evidence." We note that some of the exhibits were transmitted to this Court, though not all of the exhibits; we are perplexed as to how and why the exhibits were not kept together and transmitted together.
 {¶ 16} Regardless of the systemic deficiencies of the record on appeal, looking to the substance of the trial court judgment entry we find that the judgment entry does not make reference to joint exhibit "C". Even assuming, arguendo, that joint exhibit "C" does in fact adequately describe the property, the trial court's judgment entry granting adverse possession to Appellees fails to adequately describe the property; the entry does not reference joint exhibit "C" or incorporate the survey map contained in joint exhibit "C" into its judgment entry. Thus, we are left with the inexact language of paragraph five of the judgment entry as the sole description of the property. We conclude that paragraph five provides an inadequate description of the encroachment. See Oeltjen v.Akron Associated Investment Co. (1958), 106 Ohio App. 128, 131
(finding that title by way of adverse possession was warranted and ordering that a survey of the encroachment be incorporated into the trial court's judgment entry quieting title to the adverse possessor.)
 {¶ 17} Appellants' third assignment of error has merit.
 III {¶ 18} Appellants' first assignment and third assignments of error are sustained. We decline to address Appellants' second assignment of error. The judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Batchelder, J. Moore, J. Concur.
[1] We note that the transcript of the bench trial was not properly transmitted to this Court. After the appeal was heard, we did find the transcript in the file of a case captioned Lorence v. Goeller, a different and unrelated case. We also note that none of the transcripts from the depositions of Appellees were transmitted to this Court for review.