DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Servando M. Martinez ("Tenant") has appealed the judgment of the Lorain County Court of Common Pleas finding his counterclaim for conversion premature and dismissing the action. This Court reverses.
 I {¶ 2} On December 11, 2001 Plaintiff-Appellee TSH Real Estate Investment Company ("Landlord") filed a complaint for breach of lease agreement against Tenant stemming from Tenant's alleged failure to pay rent and subsequent abandonment of the property. Tenant sought money damages for unpaid rent, unpaid utilities, waste committed to the premises and for attorney's fees.
 {¶ 3} Tenant filed an answer and counterclaim on May 1, 2002. Tenant claimed conversion, alleging that Landlord had wrongfully exercised dominion over Tenant's personal property. Landlord sought monetary damages in excess of $25,000.
 {¶ 4} On November 17, 2004, a bench trial was held and on March 14, 2005, the trial court issued its judgment. The court found Tenant liable to Landlord for unpaid rent, repair to the premises, unpaid utilities, lock changes and moving expense, less credit for the security deposit. The trial court also ruled that Tenant's counterclaim for conversion was premature and granted Landlord thirty days to proceed with a post judgment attachment or relinquish the disputed property of Tenant.
Tenant timely appealed the decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT'S CLAIM FOR CONVERSION WAS PREMATURE AS A LANDLORD HAS NO STATUTORY LIEN FOR RENT AND MAY NOT SEIZE OR WITHHOLD A TENANT'S CHATTELS EXCEPT BY AGREEMENT."
 {¶ 5} In his first assignment of error, Tenant has argued the trial court erred in finding his claim for conversion was premature. Specifically, Tenant has argued that his conversion claim was appropriate because it is evident that Landlord exercised dominion and control over his property, and landlords have no right to a statutory lien for unpaid rent. We agree.
 {¶ 6} We begin our discussion by noting that Landlord did not file a brief. Therefore, we accept Tenant's statement of the facts and issues as correct, which allows reversal of the judgment if Tenant's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 7} In his assignment of error, Tenant has challenged the legal conclusion of the trial court. This Court reviews the legal decisions of the trial court under the de novo standard of review. Evanich v. Bridge, 9th Dist. No. 04CA008566, 2005-Ohio-2140, at ¶ 5. Pursuant to the de novo standard, we independently review the trial court's decision without any deference to the trial court's determination. Morris v. Andros,158 Ohio App.3d 396, 2004-Ohio-4446, at ¶ 18, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153.
 {¶ 8} A "`conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" Chef Italiano v. Crucible Dev. Corp., 9th Dist. No. 22415, 2005-Ohio-4254, at ¶ 26, quoting Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96. It is undisputed that by removing Tenant's laundromat equipment from the demised premises and storing it at his place of business, Landlord exercised dominion or control over the personal property of Tenant. Whether such dominion or control was wrongful, whether the equipment constituted fixtures and whether Landlord's actions fell within the limited parameters of allowable self-help for commercial lessors are all issues this Court need not address at this time.
 {¶ 9} We find that the trial court erred in labeling Tenant's claim for conversion as premature. The claim in fact, was ripe. The equipment was removed from the premises by Landlord, Tenant was dispossessed of his property by Landlord and Landlord maintained control over the equipment. Accordingly, it was incumbent on the trial court to hear Tenant's claim and rule on the matter.
 {¶ 10} Based on the foregoing, Tenant's sole assignment of error has merit.
 III {¶ 11} Tenant's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Moore, J., Reece, J., concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)