DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Joan L. Geiser has appealed from the jury verdict finding in favor of Plaintiff-Appellee Kim E. Galehouse on his claim of adverse possession. This Court affirms in part and reverses in part.
 I {¶ 2} On December 22, 2003, Plaintiff-Appellee Kim E. Galehouse filed a complaint in the Wayne County Court of Common Pleas asserting a claim of adverse possession as to a portion of real property inherited by Defendant-Appellant Joan L. Geiser in 1996 and held in trust by the Joan L. Geiser Revocable Trust dated July 3, 1998. On February 4, 2004, Appellant answered the complaint, alleging that Appellee's use of the disputed property was at all times permissive and further counterclaimed that Appellee prevented Appellant from making improvements to the land and interfered with Appellant's ability to enter into an agreement to have the land timbered. On February 18, 2004, Appellee replied to Appellant's counterclaim. On June 14, 2004, Appellant dismissed her counterclaim.
 {¶ 3} The matter proceeded to a jury trial on June 14, 2004 and concluded on June 15, 2004. The jury returned a general verdict in favor of Appellee. On September 20, 2004, the trial court issued a judgment entry on the verdict conveying the disputed parcel to Appellee by means of adverse possession. The judgment entry also ordered the preparation of a survey and legal description of the property in compliance with R.C. § 319.203. The trial court ordered the costs be taxed as court costs and charged to Appellant. Further, the trial court ordered that upon completion of the survey and legal description, a nunc pro tunc judgment entry be issued and filed with the Wayne County Recorder.
 {¶ 4} On October 18, 2004, Appellant filed a notice of appeal. On December 13, 2004, this Court filed a journal entry dismissing the appeal on the ground that it was not a final, appealable order.
 {¶ 5} On March 9, 2005, Appellant filed a motion for judgment notwithstanding the verdict, or in the alternative, new trial. The trial court overruled Appellant's motion for judgment notwithstanding the verdict on April 29, 2005.
 {¶ 6} That same day, the trial court issued a final judgment entry in favor of Appellee upon the jury verdict. The trial court adopted and incorporated in the judgment entry the survey and legal description prepared by R.G. Rudolph Surveying, Inc. Appellant has timely appealed, asserting four assignments of error.
 II Assignment of Error Number One
"THE JURY VERDICT IN FAVOR OF PLAINTIFF IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE ELEMENTS OF ADVERSE POSSESSION WERE NOT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 7} In her first assignment of error, Appellant has argued that jury verdict in favor of Appellee was not supported by competent, credible evidence. Specifically, she has argued that Appellee failed to prove all the material elements of adverse possession as Appellee's claim was neither "open" nor "adverse." Appellant has also argued that Appellee failed to meet his burden of proof at trial by failing to admit evidence of a survey and a legal description of the disputed property as required by Ohio law. We disagree.
 {¶ 8} Appellant has claimed that Ohio law requires expert testimony to establish the requisite certainty as to the identity of the property when boundary lines are in dispute. If her claim is meritorious, it is dispositive in this case. However, Appellant's cited authority, Sanders v. Webb (1993),85 Ohio App.3d 674, is silent on this issue. Additionally, we have found no Ohio case law to support this proposition. Therefore, we reject Appellant's claim and address Appellant's secondary argument that the jury verdict was against the manifest weight of the evidence.
 {¶ 9} This Court reviews whether a judgment is against the manifest weight of the evidence in a civil context utilizing the same standard of review as that used in the criminal context.Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, at 14. Therefore, this Court must: review the entire record; weigh the evidence and all reasonable inferences; consider the credibility of witnesses; and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Notably, such a reversal is reserved for the exceptional case where the evidence presented weighs heavily in favor of the party whom the jury verdict was levied against. See Otten, supra.
 {¶ 10} Further, this Court has stated that it "will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence that speaks to all of the material elements of the case." Morris v. Andros,158 Ohio App.3d 396, 2004-Ohio-4446 at ¶ 18. This standard is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent reversal. Bell v. Joecken, 9th Dist. No. 20705, 2002-Ohio-1644, at ¶ 14.
 {¶ 11} The elements of an adverse possession claim are well established in Ohio. In order to prevail on a claim of adverse possession, a plaintiff must "demonstrate exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." (Quotations omitted). Morris, at ¶ 12. A successful claim of adverse possession requires proof of the elements by clear and convincing evidence. Grace v. Koch
(1998), 81 Ohio St.3d 577, syllabus.
 {¶ 12} The record shows that Appellee purchased his property ("Parcel 1") from his parents in 1974. The evidence indicates that Parcel 1 is a rectangular parcel in the southwest corner of a much larger piece of undeveloped farmland, with the dimensions of 250 feet north by 130 feet east. The remainder of the undeveloped property is owned in fee simple by the Joan L. Geiser Revocable Trust dated July 3, 1998, of which Appellant is the trustee.
 {¶ 13} The western boundary of Parcel 1 is a property line and the southern boundary is a public highway, Fox Lake Road. For ease of analysis, the southwest corner of Parcel 1 will be designated Point A. The northwest corner of Parcel 1 will be designated Point B. The northeast corner of Parcel 1 will be designated Point C and the southeast corner of Parcel 1 will be designated Point D.
 {¶ 14} Various diagrams introduced into evidence and lay testimony at trial indicated that the disputed parcel ("Parcel A") extends from Point B north 44 feet to Point E. Parcel A then extends from Point E, at a 90 degree angle, 220 feet east to Point F. Parcel A then extends south from Point F, at a 90 degree angle, 294 feet to Point G. Parcel A then extends west from Point G, at a 90 degree angle, 90 feet to Point D. The resulting parcel resembles an inverted "L" shape.
 {¶ 15} After a careful review of the record, we find that jury verdict was supported by some competent, credible evidence. As such, the jury verdict was not against the manifest weight of the evidence.
 {¶ 16} The testimony reflects that Appellee made continuous use of Parcel A from approximately 1974, when he raised a fence and constructed a shed on the parcel, until 1997, when Appellant demanded that he remove items of personal property from the land and he complied. However, even though Appellee acquiesced in order to, by his testimony, avoid trouble, this Court finds that the statutory period of 21 years was already satisfied. The record reflects that Appellee stored items of personal property, maintained a swimming pool, built rabbit cages, planted trees and shrubs, mowed, and maintained Parcel A as if it were his own property. Further, the testimony reflects that Appellees's use was open as Leroy Galehouse, Appellant's predecessor in interest routinely inspected his property and was aware of Appellee's activities concerning Parcel A. Yet, Leroy made no claim to the disputed land nor ever granted Appellee express permission to use Parcel A.
 {¶ 17} The record further reflects that Appellee's use was adverse because Appellee testified that he had knowledge of the property lines and further, he fully understood that he was occupying and using more land than what was described in his deed — land that he knew legally did not belong to him. Moreover, Appellee's adverse use was evidenced when he was ordered off the property on numerous occasions by Appellant's son, Mark Geiser. Appellee's use of Parcel A was also exclusive. Appellant attempted to argue that her son Mark and Leroy Galehouse had cut timber on Parcel A. However, Mark testified that neither he nor his grandfather had ever mowed or timbered any of the disputed property of Parcel A.
 {¶ 18} We note that the jury was in the best position to view the witnesses' testimony and judge their credibility. Therefore, we must give deference to their judgment. See Bell at ¶ 22. Based on the record before us, we find competent, credible evidence that Appellee maintained exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Accordingly, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice when it found in favor of Appellee. See Otten, 33 Ohio App.3d at 340; Bell,
at ¶ 13.
 {¶ 19} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE APRIL 29, 2005 FINAL JUDGMENT ENTRY IS AN IMPROPER NUNCPRO TUNC ORDER SINCE IT INCORPORATES A SURVEY OF THE DISPUTED PROPERTY AS EXHIBIT A WHICH WAS NOT OFFERED OR INTRODUCED INTO EVIDENCE AT THE TRIAL AND, IN FACT, WAS PREPARED AFTER THE TRIAL WAS CONCLUDED."
 {¶ 20} In her second assignment of error, Appellant has argued that the trial court improperly incorporated a survey conducted post-trial into its final judgment entry. Specifically, Appellant has argued that the trial court relied on a survey never entered into evidence and conducted six months after completion of the trial in describing the property conveyed to Appellee by adverse possession. We disagree.
 {¶ 21} In Martin v. Schaad, 4th Dist. No. 02CA65,2004-Ohio-124, the Fourth District held that a survey not admitted into evidence, but prepared after the trial court issued its order defining a property boundary merely serves as a legal description of the property for recording purposes. Id. at ¶ 2. The Fourth District affirmed this position in Salisbury v.Smouse, 4th Dist. No. 05CA737, 2005-Ohio-5733. In Salisbury,
the court acknowledged the holding of Martin, but then distinguished the case based upon the fact that the survey in question was actually supporting evidence of the adverse possession claim that was surreptitiously placed before the trial court by the adverse possessor's attorney and therefore constituted consideration of evidence outside the record. See Id. at ¶ 26.
 {¶ 22} In the case sub judice, the survey attached to the judgment entry is not surreptitious evidence supporting Appellee's adverse possession claim. In its final judgment entry the trial court defined the boundary with specificity. It is apparent to this Court that the post trial survey was not attached as evidence of Appellee's adverse possession claim, but merely as a legal description for the purposes of recording.
 {¶ 23} Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN ITS FINAL JUDGMENT ENTRY OF APRIL 29, 2005 AND JUDGMENT ENTRY OF SEPTEMBER 20, 2004 BY TAXING AS COURT COSTS A POST-TRIAL SURVEY OF THE DISPUTED PROPERTY."
 {¶ 24} In her third assignment of error, Appellant has argued that the trial court improperly taxed as court costs the post-trial survey of the disputed property. Specifically, Appellant has argued that taxable costs are limited to those allowed by statute and that trial court failed to cite any statute in support of its taxing Appellant with this cost. We agree.
 {¶ 25} The Ohio Supreme Court has consistently limited the categories of expenses which qualify as costs. See CentennialIns. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50, 50. Costs are generally defined as those things authorized by statute to be taxed and included in the judgment. Id. at 51. However, "[c]osts [do] not necessarily cover all of the expenses and * * * are allowed only by authority of statute." (Quotations omitted). Id.
 {¶ 26} Appellee has argued that R.C. § 319.203 requires that all conveyances of real property by the county auditor must comply with standards adopted by the county auditor and county engineer. Therefore, Appellee has argued, in order to convey the property legally under statute, the court was forced to order the preparation of the survey and as such cost was incurred at the direction of the trial court, it was properly charged as court costs. While we agree that R.C. § 319.203 mandates compliance with governing standards, we disagree that there is statutory authority permitting the expense of such compliance to be taxed as court costs.
 {¶ 27} The Ohio State Supreme Court has held that "`[t]he subject of costs is one entirely of statutory allowance and control.'" Id., quoting State ex rel. Michaels v. Morse (1956),165 Ohio St. 599, 607. In other words, "a particular litigation expense will not qualify as part of `costs' unless it is `fixed and taxable according to statute.'" In re Election of November6, 1990 for the Office of Attorney General of Ohio (1991),62 Ohio St.3d 1, 4, quoting Benda v. Fana (1967),10 Ohio St.2d 259, 263. Costs do not include expenses of litigation that are not specifically provided for by statute. Benda,10 Ohio St.2d at 263.
 {¶ 28} It is undisputed that there is no statute that expressly permits the court to tax as a cost the expense of a court-ordered survey. Additionally, there is no guiding Ohio case law on the issue. While R.C. § 319.203 may have required a survey of the property in order for the conveyance to be proper, the statute does authorize the court to tax the expense of said survey as court costs.
 {¶ 29} Appellant's third assignment of error has merit.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED IN ITS APRIL 29, 2005 ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL."
 {¶ 30} In her fourth assignment of error, Appellant has argued that the trial court erred in denying her motion for judgment notwithstanding the verdict or, in the alternative, new trial because of the lack of legally sufficient evidence to satisfy the material elements of an adverse possession claim. We disagree.
Judgment Notwithstanding the Verdict (JNOV)
 {¶ 31} An appellate court reviews a trial court's ruling on a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B) de novo. Cooperider v. Parker, 9th Dist. No. 02CA0065-M, 2003-Ohio-4521, at ¶ 32, citing Schafer v. RMSRealty (2000), 138 Ohio App.3d 244, 257-58. When considering a motion for judgment notwithstanding the verdict, a court construes the evidence and all reasonable inferences most strongly in favor of the non-moving party. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275. Our review does not involve weighing the evidence. McComis v. Baker (1974),40 Ohio App.2d 332, 334-35. Rather, if we find substantial evidence to support the non-moving party's side of the case, upon which reasonable minds might reach different conclusions, the motion was properly denied. Posin, 45 Ohio St.2d at 275.
 {¶ 32} Given our analysis and disposition of assignment of error number one, we find it unnecessary to review Appellant's fourth assignment of error in depth. Construing the evidence and all reasonable inferences in favor of the Appellee, we find sufficient evidence to support Appellee's claim of adverse possession. Accordingly, Appellant's motion for JNOV was properly denied
New Trial
 {¶ 33} Civ.R. 59(A) enumerates the possible grounds for a new trial. Those relevant to this appeal are: 59(A)(6) (judgment not sustained by the weight of the evidence) and 59(A)(7) (judgment is contrary to law). The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59(A) is reviewed under the abuse of discretion standard. Brooks v. Wilson (1994),98 Ohio App.3d 301, 304. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 34} As discussed supra, we have found the verdict to be supported by some competent, credible evidence going to all the material elements of Appellee's claim of adverse possession. Therefore, this Court cannot say that the trial court abused its discretion when it denied Appellant's motion for a new trial.
 {¶ 35} Appellant's fourth assignment of error lacks merit.
 III {¶ 36} Appellant's third assignment of error is sustained. Appellant's first, second, and fourth assignments of error are overruled. The judgment of the trial court is affirmed in part, reversed in part, and the cause remanded.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Carr, J. Boyle, J. concur..