OPINION
{¶ 1} Plaintiff-appellant, 125 Properties, a partnership, appeals the decision of the Clermont County Court of Common Pleas finding appellant did not have a prescriptive easement over a portion of property owned by defendant-appellee, Regency Centers, L.P. ("Regency Centers"). We affirm.
 {¶ 2} Appellant owns commercial real property ("Parcel 1") on the northern side of State Route 125 in Union Township, Ohio. Appellee purchased commercial real property ("Parcel 2") that is located directly west of appellant's land in 1998. Appellee operates a shopping center on Parcel 2. A grassy area, the majority of which is located on appellee's property, separates a service road on Parcel 2 from a parking lot behind an existing building on Parcel 1.
 {¶ 3} The service road is used primarily for deliveries to the Parcel 2 shopping center's stores from vehicles using State Route 125. This road also provides access to a rear parking area used by some Parcel 2 shopping center tenants' employees and patrons. On occasion, Parcel 2 customers used the service road itself for parking during "moonlight sales."
 {¶ 4} Since appellant's purchase of Parcel 1 in 1974, appellant and its commercial tenants, including an auto repair shop, and employees have crossed the grassy area to access Parcel 2's service road in order to exit onto State Route 125. At times, portions of this area would get too muddy to traverse which would result in persons using a different portion of the grass. Appellant attempted to remedy the situation a number of times by placing gravel in the muddy portions.
 {¶ 5} Patrons would occasionally park on appellant's property and cross the grassy area to go to the mall. Shopping carts from the Parcel 2 grocery were left in appellant's parking lot on Parcel 1 and had to be returned.
 {¶ 6} In 1999, a traffic light was installed at the intersection of Hamblen Drive, State Route 125, and the service road, consequently making use of the service road and grassy area significantly more convenient for appellant and its tenants. The traffic light facilitated both left and right turns onto State Route 125. The service road light's placement so near appellant's driveway caused traffic that blocked appellant's entrance to the road from Parcel 1.
 {¶ 7} In May 2002, appellant paved a portion of the grassy area connecting its parking lot to appellee's service road. In the fall of 2002, appellee installed three metal bollards or posts to prevent use of this paved portion. Vehicles continued to cross the space by traveling through an unpaved portion of the grassy area. Seven additional bollards and two guardrails were later constructed preventing any vehicular access over the grassy area between Parcels 1 and 2.
 {¶ 8} In 2003, appellant filed for injunctive relief seeking a finding that it had acquired a prescriptive easement over the grassy area between the building and a telephone pole located near the property line immediately north. Appellant sought to enjoin appellee from interfering with its use of the area. In 2005, a bench trial was held and the trial court entered its decision finding that appellant failed to establish that it was entitled to a prescriptive easement over any portion of appellee's property. Appellant appeals this decision raising a sole assignment of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED IN DISMISSING 125 PROPERTIES' COMPLAINT FOR INJUNCTIVE RELIEF TO REMOVE BOLLARDS BLOCKING 125 PROPERTIES' PRESCRIPTIVE EASEMENT."
 {¶ 11} In the first assignment of error, appellant argues that the trial court erred when it found that appellant failed to establish that it was entitled to a prescriptive easement over any portion of appellee's property. Appellant maintains, contrary to the trial court's findings, that it demonstrated its use of the grassy area was notorious and adverse.
 {¶ 12} When reviewing the decision of a trial court as to whether the requirements of a prescriptive easement have been met, an appellate court will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence going to all essential elements of the case. Morris v. Andros,158 Ohio App.3d 396, 2004-Ohio-4446, ¶ 18, citing Willett v.Felger (Mar. 29, 1999), Columbiana App. No. 96 CO 40. Furthermore, a reviewing court should presume that a trial court's findings of fact are accurate because the trial court is best able to view the witnesses, observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the witnesses. Seasons Coal Co.,Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 13} To establish the right to a prescriptive easement, the moving party must demonstrate that it has used the property (1) openly, (2) notoriously, (3) adversely to the servient property owner's property rights, (4) continuously, and (5) for a period of at least 21 years. Morris at ¶ 25, citing Pence v. Darst
(1989), 62 Ohio App.3d 32, 37. Each element must be proven by clear and convincing evidence. Nusekabel v. Cincinnati Pub.School Employees Credit Union, Inc. (1997), 125 Ohio App.3d 427,433.
 {¶ 14} After reviewing the record, we find that the trial court did not err when it found appellant had not proven by clear and convincing evidence that its use of the property was adverse to appellee's property rights. Use of property is adverse or hostile when it is without permission and inconsistent with the rights of the property owner. Sepela v. MBL Partners, Ltd.
(Dec. 26, 2000), Clermont App. No. CA2000-06-038, citing Kimballv. Anderson (1932), 125 Ohio St. 241, 244. The use by the owner of the dominant estate must be in conflict with the apparent use of the subservient estate or be of such a nature as will afford an indication to the owner that a right is claimed over his property. Davidson v. Dunn (1922), 16 Ohio App. 263, 270.
 {¶ 15} In Sepela, the plaintiffs sought judgment that they had acquired a prescriptive easement over a portion of defendant's parking lot which ran next to and behind a building on plaintiff's property. That portion of the defendant's property was used both for vehicular access to the rear of the plaintiffs' building as well as for parking open to the public. This court held that such use, even though it was without express permission, was not adverse because the parking lot was open to the public and the use was not inconsistent with the rights of the property owner. Instead, the use was in the form of an implied license.
 {¶ 16} In Davidson, the plaintiff sought a right-of-way across the defendant's lot in order to provide direct access to a street. At times, tenants on plaintiff's property placed cinders or ashes upon this walk. The court found that such was a "mere neighborly convenience and not intended by the owner of the property, or claimed by the party using it, to be otherwise."Davidson, 16 Ohio App. at 270. The fact that a beaten path had been made on defendant's property was not such an infringement of defendant's rights as to give him notice of an adverse claim. Id. at 272.
 {¶ 17} In the case at bar, the trial court did not err when it determined appellant did not do anything indicating any claim of right separate from that of the general public until it paved a portion of the grassy area belonging to appellee. There was evidence that this area was used not only by appellant, appellant's tenants and customers, but also occasionally by appellee's patrons going to and from appellant's property. Appellant's use of the area did not have any detrimental impact upon appellee or businesses in the shopping mall. Deliveries and general access to the service road and appellee's rear parking area were not hindered by any of appellant's use of this grassy area.
 {¶ 18} Similar to Davidson, appellant's use of the grassy area was a mere neighborly convenience provided by appellee. Appellant's placement of gravel to prevent the area from getting too muddy was not enough to establish that appellant's use was under a claim of right. Only upon the more permanent action of paving over a portion of the grassy area did appellant clearly signal its hostile claim of right against appellee.
 {¶ 19} Appellant attempts to distinguish Sepela by pointing to the fact that the property in issue, namely the grassy area, is an intervening area between the service road and appellant's parking area. We find this distinction to be of no import. Both appellee's portion of the grassy area and the service road were open to the public. So long as appellant's use of this area remained consistent with the rights of appellee as property owner, no adverse claim of right was asserted. Whether the area is a parking lot as in Sepela or a strip of grass connected to a service drive as is the case here, the use of the area must be hostile to the rights of the servient estate's owner. There was no hostile act establishing appellant's claim of right until the portion of the grassy area was paved. Appellant's use before it paved the area was in the form of an implied license.
 {¶ 20} Appellant did not establish by clear and convincing evidence that its use of the disputed area was adverse to appellee for the required statutory time of 21 years. Within six months of appellant's act of paving over the grass, appellee responded by enclosing its property. The trial court's decision was supported by some competent, credible evidence. Having failed to establish the essential element that the use of the property was adverse to the owner's property rights, appellant's claim that it was entitled to a prescriptive easement must fail. Accordingly, the sole assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Young and Bressler, JJ., concur.