OPINION
{¶ 1} This appeal arises from the Willoughby Municipal Court, wherein appellant, C.A.R.S. Protection Plus, Inc. ("CARS"), appeals the judgment of the small claims division of the trial court, awarding $2,729.99, plus interest to appellee on her breach of warranty claim.
 {¶ 2} On August 29, 2001, appellee bought a 1991 Mitsubishi Galant from Best Buy Auto Sales ("Best Buy") for $3,500.00. At that time, she also purchased a warranty through CARS. In November or December 2001, appellee took the car back to Best Buy, complaining that the engine was "running rough." A mechanic at Best Buy inspected the car and found that a cylinder was weak as a result of faulty valves. Best Buy contacted CARS, who then agreed to provide a replacement engine head in accordance with the warranty provided to appellee. CARS also agreed to reimburse Best Buy for the cost of the labor. Best Buy dismantled the engine, replaced the engine head, and reassembled the engine. The original timing belt was also placed back in the car.
 {¶ 3} Approximately four months later, after the car had been driven approximately 2,200 miles, appellee brought it back to Best Buy, as it was not operating properly. A Best Buy mechanic inspected the car again and discovered that the timing belt broke and subsequently damaged the valves. The mechanic contacted CARS and relayed these findings. CARS sent an independent inspector to Best Buy, who confirmed that the broken timing belt was the cause of the engine damage. CARS asserted that the timing belt was not a covered component of appellee's warranty and refused to provide warranty coverage for the repair.
 {¶ 4} Upon further examination of the engine, the Best Buy mechanic discovered that the engine had "bad lifters" that were different sizes. He again contacted CARS, claiming that it was the defective lifters that caused the engine damage. CARS sent another independent inspector to Best Buy. The inspector told Best Buy that the lifters would not have caused the engine damage. CARS claimed that the damage to the engine was the result of Best Buy's failure to replace the existing timing belt with a new one at the time of the initial repair. However, Best Buy claimed that the faulty lifters inside the engine were the cause of the damage. The repairs were ultimately performed on the car, at appellee's expense. Appellee then filed her complaint in small claims court.
 {¶ 5} A hearing in small claims court before an acting judge was held on July 1, 2002, at which time the trial court found that CARS was responsible for the costs of the repairs, as they were covered under appellee's warranty. The court concluded that Best Buy had no liability. CARS filed this appeal, citing three assignments of error:
 {¶ 6} "[1.] The trial court's verdict [sic] was against the manifest weight of the evidence because Plaintiff failed to present any expert testimony of proximate cause.
 {¶ 7} "[2.] The trial court's judgment was against the manifest weight of the evidence because it did not find that Best Buy was an intervening superceding cause.
 {¶ 8} "[3.] Trial court's verdict [sic] was against the manifest weight of the evidence because there was no support for the damage award."
 {¶ 9} Each of appellant's assignments of error relates to the manifest weight standard and, as such, we shall address them separately within a single analysis. Appellant first contends that the judgment of the trial court is against the manifest weight of the evidence because appellee failed to provide expert testimony regarding whether the engine lifters were defective.
 {¶ 10} A judgment supported by competent, credible evidence will not be disturbed on appeal as being against the manifest weight of the evidence.[1] Small claims proceedings do not require a strict application of the rules of evidence; however, "reliable evidence" is required in support of a claim.[2] A small claims hearing is intended to be a "layman's forum" and, thus, strict adherence to the formal rules of evidence defeats the purpose of such a forum.[3]
 {¶ 11} Thus, in the instant case, appellee was not required to provide expert testimony at the small claims hearing. Instead, she could and did provide "reliable evidence" regarding whether the engine lifters were defective. Evidence presented at the hearing regarding the damaged engine included testimony from the Best Buy mechanic, a repair order issued from Best Buy, as well as photographs of the engine damage. We find these items to be sufficiently reliable.
 {¶ 12} Appellant next contends that the judgment was against the manifest weight of the evidence because the trial court did not find Best Buy's failure to replace the original timing belt a superceding event which destroyed the nexus of causation between the original malfunction and the engine lifter damage.
 {¶ 13} Appellant asserts that "it was undisputed that Best Buy's mechanic had the duty to replace the timing belt when he made the initial repair." Appellant maintains that it was the failure of the timing belt, not the defective lifters, which caused the engine damage and that the timing belt was not a covered part under the warranty purchased by appellee.
 {¶ 14} However, the trier of fact is in the best position to judge the credibility of witnesses.[4] Moreover, as noted above, the trial court had before it competent, credible evidence demonstrating that it was the engine lifters which caused the ultimate damage to the engine. In its written judgment entry, the trial court stated, "[e]vidence supports damage resulted from faulty lifter which required engine replacement; covered by warranty." Thus, the trial court made the determination, based upon the evidence before it, that the defective engine lifters directly caused appellee's damages.
 {¶ 15} Last, appellant asserts that the trial court's judgment is against the manifest weight of the evidence because there was no support for the damage award. In its written judgment entry, the trial court stated the following: "[j]udgment is hereby granted for Plaintiff against Defendant Car Protection Plus in the sum of $2729.99 plus interest at the rate of 10% from [the date of the] judgment and costs." In her initial small claims complaint, appellee alleged damages in the amount of $2329.23, plus 10 percent interest, accruing from March 1, 2002, plus costs. At the hearing, appellee testified that her "total bill" was $2,729.27, which she testified included a rental car, parts, and labor costs for the repair. We conclude the appropriate amount awarded to be $2329.23, plus interest at the rate of 10 percent from the date of the judgment.
 {¶ 16} Therefore, based on the foregoing, we find the trial court's judgment was not against the manifest weight of the evidence as it relates to appellant's first and second assignments of error. However, appellant's third assignment of error has merit as it relates to the judgment amount. We modify the trial court's judgment on the damages amount, and enter judgment in the amount of $2329.23, plus interest at the rate of 10 percent from the date of the judgment, as was originally prayed for in appellee's complaint.
 {¶ 17} The judgment of the trial court is affirmed in part, reversed in part, and judgment modified as noted above.
Judith A. Christley and Cynthia Westcott Rice, JJ., concur.
[1] James R. Flament Assoc. v. Kudukis (June 15, 2001), 11th Dist. No. 2000-L-047, 2001 Ohio App. LEXIS 2710, at *9.
[2] See Staff Notes to Evid.R. 101(C)(8).
[3] Kaplowitz v. Brock (Dec. 7, 2001), 11th Dist. No. 2000-L-193, 2001 Ohio App. LEXIS 5441, at *6.
[4] (Citation omitted.) Hvamb v. Mishne, 11th Dist. No. 2002-G-2418, 2003-Ohio-921, at ¶ 18.