OPINION
{¶ 1} Appellant, C.A.R.S. Protection Plus, Inc. ("C.A.R.S."), appeals from the December 9, 2004 decision of the Painesville Municipal Court, entering judgment in the amount of $2,040.56, plus interest, in favor of appellee, Adam Wetzel ("Wetzel"), on his breach of warranty claim. We affirm.
 {¶ 2} Wetzel purchased a 1997 Jeep Wrangler in September 2002, from Western Reserve Auto, along with a limited warranty from C.A.R.S., which covered mechanical failure of various components, when such failure was not caused by external influence. In May 2004, the Jeep broke down as Wetzel drove to work, with the transfer case cracked in two and the drive shaft on the road.
 {¶ 3} In July 2004, Wetzel submitted a claim for the May breakdown under his warranty with C.A.R.S. C.A.R.S. had Wetzel's Jeep inspected by Nationwide Arbitrations Inspections ("Nationwide"), which noted that the undercarriage, the interior of the hood, and the interior of the cab were coated with mud. Nationwide issued a report attributing the failure of the Jeep's components to external impact, probably due to "off road" use. Consequently, C.A.R.S. rejected Wetzel's claim.
 {¶ 4} September 10, 2004, Wetzel filed the underlying small claims action in the Painesville Municipal Court. The case came on for hearing before the magistrate December 8, 2004. Wetzel presented photos, the Jeep's transfer case, his own testimony, and that of his stepfather, Ray Herzog ("Herzog"). Wetzel and Herzog both testified that the mud on and in the Jeep did not result from off road sports-type driving, but, rather, from Wetzel having used the Jeep with its roof and doors off, to help Herzog pour concrete at or near his barn the evening prior to the breakdown. The field they were working in was muddy.
 {¶ 5} Herzog further testified that, while he was not a certified mechanic, he worked on cars and rebuilt them, and that the damage to his stepson's Jeep could only have resulted from an internal failure within the transfer case, causing it to seize up, and the drive shaft to break as a consequence. Herzog observed that the transfer case on the Jeep was protected by a thick steel "skid plate," rendering it largely impervious to external impacts — and that there were no marks on the "skid plate."
 {¶ 6} C.A.R.S. relied upon the report issued by Nationwide, and photos, to establish that Wetzel's Jeep was damaged by external impact.
 {¶ 7} The day following the hearing, the magistrate filed his decision in favor of Wetzel, which the trial court promptly adopted. C.A.R.S. filed a timely notice of appeal, making a single assignment of error:
 {¶ 8} "The trial court committed manifest error in concluding that the damage to the vehicle owned by Appellee Adam Wetzel was due to causes covered by the warranty issued by Appellant C.A.R.S. Protection Plus when no credible testimony or evidence existed to support that conclusion."
 {¶ 9} In support of this assignment of error, C.A.R.S. notes that Wetzel's primary evidence was provided by the testimony of his stepfather, Herzog, who made (more or less) a res ipsa loquitor argument regarding the causes for the breakdown of the Jeep. C.A.R.S. contends that Herzog who should have been limited to testifying as a fact witness, made an expert analysis about the Jeep's breakdown, and that he should not have been allowed to do this since he is not a qualified, professional mechanic.
 {¶ 10} We decline C.A.R.S.' invitation to promulgate a rule requiring expert testimony in cases involving automotive breakdowns and repairs. Expert testimony is not required to establish standards of care for activities within the common knowledge of lay persons. Cf. Evid.R. 702(A). Ohio courts have not previously demanded that parties in automotive breakdown and repair cases prove or defend the allegations by expert testimony.Erwin v. Best Buy Auto Sales, 11th Dist No. 2002-L-117,2003-Ohio-6770, at ¶¶ 10-11; Johnson v. Tuffy Serv. Ctr. (Sept. 7, 2000), 8th Dist. No. 77119, 2000 Ohio App. LEXIS 4052, at 6-8;French v. Weldy (Nov. 18, 1994), 11th Dist. No. 93-A-1792, 1994 Ohio App. LEXIS 5162, at 6-7. This rule — that lay testimony may suffice — is fully applicable to automotive breakdown and repair cases sounding in contract and breach of warranty. Erwin at ¶¶ 5-10; Johnson at 8.
 {¶ 11} Further, the instant case arises from a small claims proceeding. Small claims hearings are laymen's forum; the rules of evidence are not to be strictly applied. Erwin at ¶ 10;French at 6-7; Staff Notes to Evid.R. 101(C)(8). Parties to small claims proceedings need only present "reliable evidence."Erwin at ¶ 10; staff notes to Evid.R. 101(C)(8).
 {¶ 12} In this case, Wetzel introduced his stepfather's testimony to help explain why his Jeep was so muddy and why its breakdown had to result from a parts' failure in the transfer case, rather than external impact, as postulated by C.A.R.S.' inspectors, Nationwide. Herzog testified about his experience with cars and gave a detailed, and seemingly knowledgeable, explanation regarding the Jeep's breakdown. If believed, Herzog's testimony established that C.A.R.S. was liable to Wetzel under the subject warranty. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St. 2d 279, syllabus. The weight to be given evidence, and judgments concerning the credibility of witnesses, are for the trier of fact: in this instance, the magistrate. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81. In this small claims proceeding, the trial court was entitled to base its decision on evidence it found to be "reliable," even if the evidence did not comply with the rules. Erwin at ¶ 10.
 {¶ 13} Based on the foregoing, the judgment in favor of Wetzel is not against the manifest weight of the evidence, and C.A.R.S' assignment of error is not well taken. The judgment of the Painesville Municipal Court is affirmed.
Ford, P.J., Rice, J., concur.