[Cite as *Pluck v. Williams*, 2019-Ohio-897.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Rodney Dale Pluck

Appellant

v.

Mark Williams

Appellee

Court of Appeals No. E-18-043

Trial Court No. CVI 1800136

**DECISION AND JUDGMENT**

Decided: March 15, 2019

* * * * *

Oglesby & Oglesby, Ltd., for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, Rodney Dale Pluck, appeals the June 19, 2018 judgment of the Vermilion Municipal Court, Small Claims Division, granting judgment in favor of defendant-appellant, Mark Williams. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} Rodney Dale Pluck filed a small-claims complaint against his neighbor, Mark Williams, in the Vermilion Municipal Court, alleging that Williams destroyed his property, trespassed, and committed theft and arson when he tore down Pluck's fence. The case was heard by the trial court on June 5, 2018.

{¶ 3} The central issue at trial was whether the fence was located on Pluck's property or whether it was located on Williams's. While Pluck maintained that the fence was on his property, the trial court granted judgment in favor of Williams, holding that Pluck failed to prove through expert testimony that the fence was situated on his property. In his sole assignment of error, Pluck challenges this ruling:

> The Trial Court erred and abused its discretion by requiring a plaintiff in a small claims case to prove his case by expert testimony.

{¶ 4} Williams did not file a brief on appeal.

## II. Law and Analysis

{¶ 5} We review small-claims court proceedings under an abuse-of-discretion standard. *Broadstock v. Elmwood at the Springs*, 6th Dist. Sandusky No. S-12-021, 2013-Ohio-969, ¶ 6. The only issue raised in this appeal is whether a trial court abuses its discretion when it requires a small-claims plaintiff to prove his case by expert testimony. Pluck contends that expert testimony is not required in small-claims court because the rules of evidence do not apply. He maintains that it is sufficient that a party

2.

present "some reliable evidence" to prove a claim or defense and may do so using otherwise inadmissible evidence, such as hearsay statements.

{¶ 6} In *Murray v. Doney*, 6th Dist. Lucas No. L-01-1365, 2002-Ohio-401, the plaintiff filed a complaint in small-claims court alleging that she sustained neck and back injuries in a low-impact automobile accident caused by the defendant. The magistrate agreed that the defendant was at fault for the accident, but he concluded that the plaintiff—who had injuries from previous accidents and had seen a chiropractor six days before the accident—failed to meet her burden of proof because she did not adduce medical testimony establishing that her injuries were caused by the collision with defendant.

{¶ 7} The plaintiff argued on appeal that because the rules of evidence are inapplicable to small-claims actions, she could not be required to present expert testimony. We acknowledged that under Evid.R. 101(C)(8), the Ohio Rules of Evidence do not apply to proceedings in the small claims division of a municipal court. Nevertheless, we held that "if proof of an element of a cause brought in small claims requires 'expert' testimony, the plaintiff is required to present that evidence, albeit in the most economical fashion possible."[1] *Id.* at ¶ 17. We noted that in some cases, cause and

---

[1] In *Dysart v. Estate of Dysart*, 2d Dist. Miami No. 2009 CA 24, 2010-Ohio-1238, ¶ 32, the court held that "the existence and location of boundary lines requires knowledge typically beyond that of a layperson." *But see Galehouse v. Geiser*, 9th Dist. Wayne No. 05CA0037, 2006-Ohio-766, ¶ 8 (rejecting argument that dispute over boundary line requires expert testimony because its research revealed no Ohio case law supporting this position). Pluck does not argue that proof of the elements of his claim do not require

3.

effect may be apparent and within a layman's common knowledge, obviating the need for expert testimony. But under the facts of the case, where the plaintiff was alleging injuries caused by a low-impact automobile collision and had a history of neck and back injuries, expert testimony was required to support her claim.

{¶ 8} In other cases, under different facts, courts have held that it would create an undue burden on a plaintiff to require expert testimony in a small-claims action. *See, e.g., Stull v. Budget Interior*, 7th Dist. Belmont No. 02 BA 17, 2002-Ohio-5230, ¶ 11; *Wetzel v. Cars Prot. Plus*, 11th Dist. Lake No. 2005-L-010, 2006-Ohio-740, ¶ 11; *Stahl v. Neff*, 3d Dist. Seneca No. 13-08-09, 2008-Ohio-5195, ¶ 11; *Seff v. Davis*, 10th Dist. Franklin No. 03AP-159, 2003-Ohio-7029, ¶ 20; *Turpening Elec. v. Jones*, 6th Dist. Lucas No. L-96-175, 1997 Ohio App. LEXIS 581, *5 (Feb. 21, 1997). Those cases permit plaintiffs to present lesser evidence to support their claims. *See Stull* at ¶ 14 (holding that hearsay evidence of standard of care was improperly excluded); *Stahl* at ¶ 11 (concluding that owner of manufactured home could testify as to its market value).

{¶ 9} But while *expert* testimony generally may not be required in small-claims court cases, a plaintiff must nonetheless present *reliable* evidence. *See Wetzel* at ¶ 12 (finding that reliable evidence was presented in automobile repair case where plaintiff offered testimony of his stepfather who works on cars and rebuilds them); *Seff* at ¶ 21

---

expert testimony. He complains only that the trial court could not require expert testimony of a small-claims plaintiff.

4.

(holding that reliable evidence was presented where contractor testified as to why roof had become detached); *Turpening* at \*5 (noting that "reliable" evidence is sufficient and reversing trial court judgment where trial judge disregarded testimony of contractor).

{¶ 10} Here, Pluck has not provided this court with a transcript of proceedings—despite the fact that he filed a request for the audio recording of the proceedings—and Pluck also did not file a statement of evidence in accordance with App.R. 9(C). "Without a transcript or other acceptable statement of the evidence * * *, our review of the trial court's judgment is by necessity confined to the remaining pertinent portions of the record." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Thus our review here is limited to the evidence as summarized by the trial court in its June 19, 2018 judgment.

{¶ 11} According to the June 19, 2018 judgment, Pluck testified that the fence was on his property; Williams testified that he did not know whose property the fence was on, but he had maintained the fence "for some time;" the Vermilion building inspector testified that no building permit was ever obtained for the fence and told Pluck to hire a surveyor to determine the exact location of the lot line; and while Pluck offered exhibits purporting to depict property pins, those exhibits did not make clear where the fence was in relation to those pins.

{¶ 12} We conclude that regardless of the absence of *expert* evidence, the record before this court is insufficient to allow us to conclude that Pluck established—by *reliable* evidence—that the fence was, in fact, on his property. In other words, the record

5.

is insufficient to demonstrate that the trial court abused its discretion by ruling in favor of Williams. *See Sutfield v. Toledo Trust Co.*, 6th Dist. Lucas No. L-79-024, 1979 Ohio App. LEXIS 10739, *4 (Oct. 12, 1979) (finding that record was insufficient to demonstrate error where no transcript of proceedings or statement of evidence was filed); *Steigerwald v. Denise*, 6th Dist. Erie No. E-99-049, 1999 Ohio App. LEXIS 6231, *3 (Dec. 23, 1999) (explaining that where record contains no transcript or other record of proceedings, we must presume regularity of the trial court).

{¶ 13} Accordingly, we find Pluck's assignment of error not well-taken.

### III. Conclusion

{¶ 14} We find Pluck's assignment of error not well-taken. He failed to file the transcript of proceedings or an App.R. 9(C) statement of evidence, and the evidence as summarized by the small-claims court is insufficient to allow us to conclude that the trial court abused its discretion by ruling in favor of Williams. We affirm the June 19, 2018 judgment of the Vermilion Municipal Court, Small Claims Division. Pluck is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                                JUDGE

Christine E. Mayle, P.J.

                                           _____
Gene A. Zmuda, J.                                               JUDGE
CONCUR.

                                           _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.